## MALVIE DENSON v. DAN McDONALD AND OTHERS.[1]

December 5, 1919.

No. 21,505.

**Negligence — finding sustained by evidence.**
    1. The evidence sustains the finding of the court that the defendant negligently ran its auto truck into the auto of the plaintiff which was parked along the side of a village street.

**Same — violation of village ordinance immaterial.**
    2. An ordinance of the village prohibited the parking of an auto within 20 feet of a hydrant. That the plaintiff's auto was so parked did not prevent a recovery.

[1]Reported in 175 N. W. 108.

Action in the municipal court of Minneapolis to recover $350 for injuries to plaintiff's automobile caused by the negligence of defendants' servant. The case was tried before C. L. Smith, J., who made findings and ordered judgment in favor of plaintiff for $300. From an order denying their motion to amend the findings or for a new trial, defendants appealed. Affirmed.

*Archie Miller* and *C. E. Warner,* for appellants.

*C. H. Slack,* for respondent.

DIBELL, J.

Action to recover damages to the plaintiff's auto which was run into by an auto truck of the defendant. The case was tried to the court which found for the plaintiff. The defendant appeals from the order denying its motion for a new trial.

1. The plaintiff's auto was parked along the curb of a street in the village of Hopkins. The defendant's auto truck, loaded with four or five tons of merchandise, was being driven along the street. There was an excavation or ditch which had been constructed by the village part way across the street. The driver allowed one wheel to go into the ditch, the steering wheel was wrenched from his hands, he lost control of the truck, and it struck the plaintiff's auto and pushed it into a hydrant. The evidence justifies the court's finding that the defendant was negligent in driving his auto and that by his negligence the injury was caused.

2. An ordinance of the village prohibited the parking of an auto within 20 feet of a hydrant. There is evidence that the plaintiff's auto was within 20 feet of the hydrant against which it was crushed. It may be assumed that it was. This does not prevent a recovery. The ordinance was not for the protection of the traveling public. Its purpose was to keep the hydrant accessible for quick use in case of need. The presence of the auto within the forbidden limits had, in a legal sense, no causal connection with the accident. Without such causal connection the plaintiff's violation of the ordinance would not prevent a recovery. Armstead v. Lounsberry, 129 Minn. 34, 151 N. W. 542, L.R.A. 1915D, 628, and cases cited; Derr v. Chicago, M. & St. P. Ry. Co. 163 Wis. 234, 157 N. W. 753; 1 Shearman & Redfield, Neg. § 94. In the two cases cited the injured plaintiff was using an unregistered auto contrary to statute. If

he had been observant of the statute he would not have been on the road at all so no injury from the negligence of the defendant, if such negligence happened to occur, would have come to him. But in neither was the violation the proximate cause of the accident. In this case the auto of the plaintiff, if he had been strictly observant of the ordinance, would not have been at the place of the injury, and it would not have been harmed. Its presence there was the occasion but not in a legal sense a contributory cause of the injury. See 2 Dunnell, Minn. Dig. § 7004. If the plaintiff's auto had been injured by a fire truck coming to the hydrant for water service, the result might have been different, and in such case the conduct of the plaintiff might have been important upon the question of the negligence of the driver of the fire truck. And, in the case which we have, the court found that plaintiff's failure to observe the ordinance was not a contributing cause of the accident.

Order affirmed.