RUSSELL *v*. WILLIAMS.

(Division B. Oct. 30, 1933.)

[150 So. 528. No. 30694.]

182

(Division B.   Dec. 11, 1933.)

[151 So. 372.   No. 30694.]

For former opinion, see 150 So. 528.

**Luther A. Smith**, of Hattiesburg, for appellant.

Cephus Anderson, of Hattiesburg, for appellee.

Argued orally by **Luther A. Smith**, for appellant, and by **Cephus Anderson**, for appellee.

**Ethridge, P. J.**, delivered opinion of the court.

Tom Williams, plaintiff in the court below, brought suit against the appellant, E. E. Russell, and one Rawls, for a personal injury received by appellee in a collision between a truck owned by E. E. Russell, and being driven by Mr. Bernard Carpenter, an employee of E. E. Russell, upon which plaintiff (appellee here) was riding on the running board.

There was a judgment against E. E. Russell for two thousand dollars, and a judgment in favor of Rawls, in the court below.

On the day of the injury, the truck driven by Mr. Carpenter was filled with laborers riding to their work on a viaduct being constructed by Mr. E. E. Russell, in Kamper Park, and, while traveling along Hardy street, a main thoroughfare in Hattiesburg, Mississippi, there being another street entering Kamper Park, Mr. Carpenter turned into Kamper Park. Following on Hardy street was a car driven by Rawls who was attempting to pass on the left-hand side. Rawls and another person were traveling in the direction of the state college at a somewhat greater rate of speed than the truck, and desired to pass the truck, but the truck turned into the street going into the park without giving any signal of his intention to turn, and the collision occurred, as a result thereof.

The testimony of Rawls and the persons riding with him was to the effect that the truck turned from Hardy street into the intersecting street going south without

giving a signal of any kind of his intention to turn, and without slowing down; that, when they saw the truck turning rather sharply, not going behind the intersection of the intersecting street, Rawls tried to turn his car to the left, but that the truck ran into his car, breaking the glass in the rear side door and injuring Miss Brown, a passenger in Rawls' car, that they ran across the curb and ditch in trying to avoid the collision, and that they were not at fault in reference to the collision.

The testimony of some witnesses who were near the place of the injury was to the effect that Mr. Carpenter was traveling at twenty-five miles per hour, and turned into the street entering Kamper Park without giving a signal, or holding out his hand to indicate his intention to turn. They stated that the plaintiff, Tom Williams, was on the running board, and was knocked off, or jumped off, in the collision, and fell at the edge of the ditch, breaking his arm.

Another witness testified that he was approaching the place of the injury in a truck belonging to the state highway department; that he saw no signal being given of Mr. Carpenter's intention to turn; that he saw the collision, but did not see the plaintiff until he was within two or three feet off the ground in a falling position: that there were a number of negroes in the truck being driven by Mr. Carpenter.

There was further testimony for the plaintiff to the effect that the laborers, of which plaintiff was one, were working on a viaduct, and were directed to assemble at the glass house, and that Mr. Carpenter directed the laborers to get into the truck for transportation to their work, and that, on the occasion of the injury, he had directed the plaintiff to get on the running board, the truck being full, and there being no room therein for the plaintiff except on the running board; that Mr. Carpenter superintended them, and had the right to hire and discharge them, and to direct them when Mr. Russell was not

present; that Mr. Russell was frequently absent from the job for several hours, and sometimes as long as two days. Plaintiff also testified that he had previously been discharged and rehired by Mr. Carpenter.

Messrs. Russell and Carpenter both testified that Mr. Carpenter was a mere laborer, having no control over those laborers, and that he was paid the same wages as the negro laborers; that he operated a concrete mixer, and plaintiff rolled gravel to be mixed; that Mr. Russell was in charge of the work, and that nobody had any authority to direct them in his absence, that it was not absolutely necessary, in his absence, to tell them what they were to do during the period when Mr. Russell was temporarily absent, and that Mr. Carpenter did not direct them. Mr. Carpenter testified that he never fired or hired anybody on the job for Mr. Russell.

It is argued for the appellant that the testimony is insufficient to show liability, that Mr. Carpenter was a mere fellow servant, and that the master is not responsible for his negligence, if any, in driving the truck.

We think the testimony for the plaintiff was sufficient to go to the jury on the question as to whether Mr. Carpenter was a fellow servant, or a superior foreman exercising the functions of a master. The jury had the right to pass upon this question, and they found in favor of the plaintiff, Williams, thereon.

Taking the plaintiff's testimony as true, as the jury found it to be under the facts in this case, it was negligence for Mr. Carpenter to direct the plaintiff to stand upon the running board, as the risk of so doing was necessarily very great, for the reason that passing cars might injure him, or a collision might occur. It is evident that, if he had not been on the running board, on the occasion in question, he would not have been injured.

Some of the witnesses for the defendant stated that there was room in the truck for the plaintiff, Williams,

and Mr. Carpenter claimed that he did not direct the plaintiff to ride on the running board, and did not know he was on it, but this merely presents a conflict in the evidence for the decision of the jury.

We think it was negligence for the truck to make the turn, as testified to, without the driver holding out his hand, or giving some signal of his intention to turn. Mr. Carpenter testifies that he did, but a number of witnesses contradicted his testimony upon this point.

It is urged here that the driver of the truck was under no duty to keep a lookout for people traveling behind him. A driver is not required to keep constantly looking behind him for persons traveling in the rear, but one turning to go into a highway should give some signal of his intention to turn, so as to get into the intersecting street or road, and to notify other travelers of such purpose.

It is complained that certain instructions given the plaintiff are erroneous, and we think this contention has merit. The first instruction reads as follows: "The court instructs the jury for the plaintiff that if you believe from a preponderance of the testimony in this case that as a result of the negligence, if any, of the defendants, or either of them, the plaintiff was injured, then it is your sworn duty to find for the plaintiff."

Instruction No. 3 reads as follows: "The court instructs the jury for the plaintiff that neither of the defendants in this case can escape liability because of mere contributory negligence, if any, of the plaintiff, provided you believe from a preponderance of the evidence that, as a result of the negligence, if any, of the defendants, or either of them, plaintiff was injured."

The giving of these two instructions was erroneous, but does not constitute reversible error, because the jury found for Rawls. If the verdict had been against both of them, it would have been reversible error.

The fourth instruction reads as follows: "The court further instructs the jury for the plaintiff that if you be-

lieve from a preponderance of the evidence in this case that the automobile truck on which plaintiff was riding was negligently turned to the left of the center of the street or highway before reaching a street intersection, if any, and as a proximate result of which the plaintiff was injured, then the defendant, E. E. Russell, the owner of the truck, if you believe he was the owner thereof, is liable in damages to plaintiff for such injury as he has sustained, if any, as a direct or proximate result thereof.''

The fifth instruction reads as follows: ''The court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence in this case that the defendant, E. E. Russell, employed one Carpenter as foreman to supervise and direct the work of the laborers, then Russell would be liable for the negligence, if any, of said Carpenter.''

If the driver of the truck, in the case at bar, Mr. Carpenter, was a fellow servant with plaintiff, then, under the doctrine announced in the case of Great Southern Lumber Co. v. Hamilton, 137 Miss. 55, 101 So. 787, there would be no liability on the master, E. E. Russell, for the injury.

For the giving of these last two instructions, the case must be reversed and remanded for a new trial.

The instructions given for the plaintiff should be carefully scrutinized and redrafted so as to conform to the law.

The fact that the defendant secured instructions on the same proposition contrary to those given for the plaintiff would not cure the error in the giving of these instructions for plaintiff. Mere contradictory instructions do not cure erroneous instructions.

Instructions, of course, are to be taken together and considered as a whole, one being supplementary to another, but, where an instruction is not merely silent upon

a proposition, but is directly contradictory to an instruction given the opposite party, the error is not cured.

For the errors indicated, the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.

## On Suggestion of Error.

**Griffith, J.**, delivered opinion of the court on suggestion of error.

Appellant contends that we should have reversed and dismissed because, first, there is no testimony showing that Carpenter was a superior foreman by any express authority of Russell, and that it is not sufficient that the alleged superior agent assumed/ such position, citing Gulfport & Mississippi Coast Traction Co. v. Faulk, 118 Miss. 894, 80 So. 340, or that the superior agent has declared himself as occupying that position. Therrell v. Ellis, 83 Miss. 494, 35 So. 826. This is true, but, if the facts show, as some of the evidence here did show, that over a considerable period of time the alleged superior foreman had been acting as such with the knowledge and consent of his principal, the principal is as much bound thereby as if the authority were expressly conferred. It therefore becomes a matter of fact to be determined by the jury whether that course of conduct had extended over a sufficient length of time and the knowledge of the principal had been sufficiently full to amount by action and knowledge, to the actual equivalent of authority conferred by words.

The second contention of appellant is that, even if Carpenter was in fact the superior foreman, the injury happened in a matter purely of administrative detail, and that the fellow-servant rule would still apply, citing Lagrone v. Railroad Co., 67 Miss. 592, 7 So. 432, and Hercules Powder Co. v. Hammack, 145 Miss. 304, 110

So. 676. See, also, Great Southern Lbr. Co. v. Hamilton, 137 Miss. 55, 101 So. 787. Our decision under the opinion in chief rests, as to this point, on the facts shown by some of the witnesses, although disputed, that the superior agent directed appellee to ride on the running board; and thus there is brought into operation that line of cases which established the rule that the fellow-servant doctrine has no application to a case where the servant is, by express direction of the master or his superior agent, put, as an employee and after his employment for the day has actually been begun, in a place which is not reasonably safe for the pursuit of his employment. This principle is illustrated by many cases, as, for instance, Gulf Refining Co. v. Ferrell, 165 Miss. 296, 147 So. 476. And see Gulf, M. & N. Railroad Co. v. Brown, 143 Miss. 890, at page 895, 108 So. 503, 504, where it is said: "Where the reasonably safe place to work doctrine applies, the fellow-servant doctrine has no application, because of the rule that the duty of the master in that respect is nondelegable."

Appellant says, in the third place, that, if the foreman was negligent in requiring appellee to ride on the running board, this negligence was interrupted and insulated by the subsequent negligence of the driver of the truck which was an intervening, independent, and efficient cause, thereby relegating the original negligence to the position of a remote cause. The rule is that, if the occurrence of the intervening cause might reasonably have been anticipated, such intervening cause will not interrupt the connection between the original cause and the injury. 45 C. J., p. 934. Since the master, acting through his foreman, Carpenter, if Carpenter was a foreman, in placing appellee on the running board, is bound by what the foreman should then and there have anticipated as likely to happen, it must follow in this case that the foreman must have anticipated that the driver of the truck would turn without giving any signal and thereby be in danger

of causing an injury to appellee, because the said fore-man was the identical person who later as driver did that very thing. Certainly it is no more than just that he should be held to an anticipation of what he himself later did; there being no emergency under which he later acted.

Suggestion of error overruled.