ROBERT KELLY *vs.* HATHAWAY BAKERIES, INC.

FRANK KELLY *vs.* SAME.

Suffolk.   October 6, 1942. — October 28, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Proximate Cause. Negligence,* Motor vehicle, Use of way, Violation of
law.

In the circumstances, a finding would not have been warranted that the
parking of a motor truck on the left side of a street and in part three
feet from the curb, even if it was a violation of a municipal traffic rule,
was the proximate cause of an accident wherein a pedestrian, after
walking past the front of the truck and about two thirds of the way
across the street, was struck by an automobile which he previously
had observed approaching when it was over two hundred fifty feet
beyond the rear of the truck.

Two ACTIONS OF TORT.   Writs in the Municipal Court of
the Dorchester District of the City of Boston dated January 19, 1940, and April 15, 1940, respectively.

Upon removal to the Superior Court, the actions were
tried before *Walsh, J.*

*A. B. Cohen,* for the plaintiffs.

*T. H. Mahony,* for the defendant.

LUMMUS, J.   These are actions of tort, brought respectively by the minor plaintiff (hereinafter called the plaintiff) and his father, because of personal injuries sustained
by the plaintiff from the alleged negligence of the defendant's servant in parking its truck.   The father sues for
consequential damages.   The judge directed verdicts for the
defendant, and the cases are here on exceptions by the
plaintiffs.

O'Callaghan Way in South Boston runs north and south.
It is about twenty-four feet wide from curb to curb.   A
street called Sterling Square enters O'Callaghan Way.   At
the time of the accident an automobile was parked six or
eight feet south of Sterling Square, on the west side of
O'Callaghan Way.   The defendant's truck, operated by its

servant Phillips, came through Sterling Square, and turned south into O'Callaghan Way. It stopped and parked on O'Callaghan Way, about sixty feet beyond the other parked automobile, but on the easterly side of O'Callaghan Way, with its left front about one foot from the easterly curb and its left rear about three feet therefrom.

The plaintiff, with another boy, was walking south on the easterly sidewalk of O'Callaghan Way, and reached a point twelve feet south of the defendant's truck. The plaintiff backed out into O'Callaghan Way in front and south of the defendant's truck, and then saw an automobile operated by one Joyce about two hundred sixty feet away to the north, beyond the intersection of Sterling Square, and travelling south. The plaintiff went back to the side-walk, but came out into the way again, and, seeing the Joyce automobile slowing down north of Sterling Square, formed the opinion that he had time to cross the street and started across. The Joyce automobile was coming at a rate of between eight and ten miles an hour and could have been stopped in eight feet. Joyce saw the plaintiff when the plaintiff was three feet to his left and fifteen feet in front of his automobile. His automobile struck and injured the plaintiff when the plaintiff was about two thirds of the way across O'Callaghan Way. The plaintiff testified that the defendant's parked truck prevented him from seeing automobiles coming down O'Callaghan Way. There was evidence that on O'Callaghan Way traffic went in both directions.

The plaintiff relied on section 7, subsection 9, of article 4 of the Traffic Rules and Regulations of the City of Boston, which reads as follows: "No driver shall stop, stand or park a vehicle in any of the following places, except when necessary to avoid conflict with other traffic, or with pedes-trians, or in compliance with the direction of the police officer or traffic sign or signal . . . (9) Upon the roadway where parking is permitted, unless both wheels on the side of the vehicle adjacent to the curb are within one (1) foot of the curb or edge of the roadway, and headed in the direc-tion of traffic, except where angle parking is permitted or commercial vehicles are backed to the curb."

There was no evidence that the place where the defendant's truck was parked was a place covered by the traffic rule. Moreover, there was no evidence to warrant a finding that the manner of parking bore a causal relation to the accident. "Negligence consisting in whole or in part of violation of law, like other negligence, is without legal consequence unless it is a contributing cause of the injury." *Baggs* v. *Hirschfield*, 293 Mass. 1, 3. *Leveillee* v. *Wright*, 300 Mass. 382, 387. *Thibault* v. *Nicholas Zeo, Inc.* 301 Mass. 478. *Carroll* v. *Cambridge Electric Light Co., ante,* 89, 94–95. The defendant's truck had ceased to obstruct the plaintiff's view of the Joyce automobile when that automobile was at least nearly seventy feet away, and going so slowly that it could have been stopped in a short distance. The plaintiff already knew that it was coming, and had known that when the automobile was two hundred sixty feet away. Under these circumstances the defendant's truck, or its manner of parking, could not be found to have had a causal relation to the accident. The case is distinguishable on its facts from *Milbury* v. *Turner Centre System,* 274 Mass. 358, *Mair* v. *Whittemore Co.* 289 Mass. 261, and *Leveillee* v. *Wright,* 300 Mass. 382.

*Exceptions overruled.*