PERMENTER *v.* MILNER CHEVROLET COMPANY

No. 40285          December 3, 1956          91 So. 2d 243

Barnett, Jones & Montgomery, Jackson, for appellant.

*Lipscomb, Ray & Barksdale,* Jackson, for appellee.

HALL, J.

The appellant as plaintiff filed this suit in the circuit court against the appellee for the recovery of damages for personal injuries sustained by him when an automobile in which he was riding in an easterly direction on Capitol Street in the City of Jackson was struck by a new Chevrolet automobile owned by the appellee and driven by one C. T. Butler in a northerly direction on West Street. The appellee-defendant filed a demurrer to the declaration which was sustained by the lower court and the plaintiff, having declined to plead further, suffered a dismissal of the suit and appeals here.

Since the case was decided on the declaration and demurrer in the lower court, the material allegations of the declaration control here. It alleges that the appellant was riding in an automobile along Capitol Street which was being operated by another person in a careful and reasonable manner, and that the new Chevrolet automobile owned by the appellee was driven by C. T. Butler in a northerly direction on West Street at a rapid rate of speed and that the said Butler was negligent in failing to keep the Chevrolet under reasonable control and in failing to keep a reasonable lookout in disregard of law and in disregard of a traffic light in operation at said intersection. The declaration further charges that the

appellee had negligently left said Chevrolet automobile parked and unattended on the north side of South Street in the City of Jackson directly across the street in front of the place of business of the appellee, and that the appellee, through its agents and servants, had negligently failed to lock the doors or the ignition on said car and failed to remove the ignition key therefrom in violation of Section 8219 of the Code of 1942; that as a result of said negligence the said C. T. Butler had been induced to enter said Chevrolet car and drive it away, the reasonable inference being that the said Butler stole the said automobile, and that the appellee should have reasonably foreseen that the said car would probably be taken by intermeddlers and would probably result in injuries to the public, including the plaintiff, and that the appellee's negligence was a direct and proximate concurring cause of the injuries and damages to the plaintiff-appellant. The declaration further charged serious permanent injuries to the plaintiff.

Section 8219, Code of 1942, provides: ''No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition and removing the key, or when standing upon any perceptible grade without effectively setting the brake thereon and turning the front wheels to the curb or side of the highway.''

For reversal appellant primarily relies upon the case of Ross v. Hartman, 78 App. D. C. 217, 139 Fed. 2d 14, 158 A. L. R. 1370, decided by the United States Court of Appeals for the District of Columbia on November 22, 1943, certiorari denied by the Supreme Court of the United States on March 27, 1944, 321 U. S. 790, 88 L. Ed. 1080, 64 S. Ct. 790, which is a well reasoned case but which is contrary to the great weight of authority in this country. We have held that an automobile is not per se a dangerous instrumentality and that a person who voluntarily lends his automobile to another is not liable

for damages inflicted upon third persons while the automobile is being operated by such person unless it be shown that the owner knew or by the exercise of reasonable care should have known that the person to whom he lends his car was a reckless and unsafe driver. We have also held that where an automobile is being driven by an agent or employee of the owner, the owner is not liable in damages for injuries to a third person unless at the time of the accident the agent or employee was acting within the scope of his employment. One of the leading cases on this question is Anderson v. Theisen, 231 Minn. 369, 43 N. W. 2d 272, wherein the Supreme Court of Minnesota, in a case very similar on the facts, said as follows:

"Section 9:1-1114.1, Minneapolis City Charter and Ordinances (1949) (Perm. ed.) p. 904, in force at the time, reads as follows: 'Every person parking a passenger automobile on any public street or alley in the City shall lock the ignition, remove the key and take the same with him.'

"The principal issue presented for decision is whether the violation of the city ordinance was the proximate cause of decedent's death.

"In Wannebo v. Gates, 227 Minn. 194, 34 N. W. 2d 695, this court was presented with almost the identical situation. There, defendant left his car unlocked with the keys in the ignition switch in violation of this same ordinance. The car was stolen, and several hours after the theft and about five miles from the place thereof it was driven negligently into plaintiff's automobile. We held that the acts giving rise to plaintiff's injury were too remote to charge defendant with responsibility. What distinguishes the Wannebo decision from the case at bar is that here it is alleged that the injury to plaintiff's decedent occurred during flight from the scene of the crime. We are therefore confronted with the question— which we specifically refused to decide in the Wannebo

case—whether the allegation that the death of plaintiff's intestate occurred during flight from the scene of the crime constitutes a cause of action.    * * *

"We are primarily concerned here with the problem of 'intervening efficient cause'. Plaintiff contends that the theft and flight were foreseeable and that, in addition, it could be anticipated that nervousness or fear of apprehension on the part of the thieves would cause them to drive carelessly and negligently.

"We need not here decide whether the provision of the Minneapolis traffic ordinance above quoted was designed for the protection of the members of that particular class of the public of which plaintiff's decedent was a member. As the trial court pointed out, the purpose of the council was largely for the protection of car owners themselves and as an aid in proper law enforcement in the discouragement of theft and pilferage. It is one thing to say that the ordinance is designed to prevent thefts and quite another to say that it is aimed at preventing negligent driving from the scene of the theft. Sullivan v. Griffin, 318 Mass. 359, 61 N. E. 2d 330. But for the purpose of this case only, assuming that the violation of the ordinance was negligence, we are of the opinion that the negligent driving of the thieves was the proximate cause of decedent's death and that the negligence of defendant, if any, was too remote in the eyes of the law to be regarded as connected as cause therewith. The weight of authority is to that effect. Slater v. T. C. Baker Co., 261 Mass. 424, 158 N. E. 778; Sullivan v. Griffin, supra; Galbraith v. Levin, 323 Mass. 255, 81 N. E. 2d 560; Walter v. Bond, 292 N. Y. 574, 54 N. E. 2d 691; Wilson v. Harrington, 269 App. Div. 891, 56 N. Y. S. 2d 157, affirmed 295 N. Y. 667, 65 N. E. 2d 101; Lotito v. Kyriacus, 272 App. Div. 635, 74 N. Y. S. 2d 599; Castay v. Katz & Besthoff, Ltd., La. App., 148 So. 76. Contrary decisions by inferior courts are Ostergard v. Frisch, 333 Ill. App. 359, 77 N. E. 2d 537; Ross v. Hartman, 78 U. S.

App. D. C. 217, 139 Fed. 2d 14, 158 A. L. R. 1370, certiorari denied, 321 U. S. 790, 64 S. Ct. 790, 88 L. Ed. 1080; Schaff v. R. W. Claxton, Inc., 79 U. S. App. D. C. 207, 144 F. 2d 532; R. W. Claxton, Inc. v. Schaff, 83 U. S. App. D. C. 271, 169 F. 2d 303.

''As a general rule, a wilful, malicious, or criminal act breaks the chain of causation. Saugerties Bank v. Delaware & Hudson Co., 236 N. Y. 425, 141 N. E. 904; cf. Kennedy v. Hedberg, 159 Minn. 76, 198 N. W. 302; Robinson v. Butler, 226 Minn. 491, 33 N. W. 2d 821, 4 A. L. R. 2d 143; Goede v. Rondorf, Minn., 43 N. W. 2d 770; Restatement, Torts, Sec. 448. Hence, we hold that the negligence of the thieves in driving into the automobile of plaintiff's decedent was an intervening efficient cause interrupting the chain of causation between defendant's act in leaving his keys in the ignition switch and the death of plaintiff's decedent.''

It is admitted here that Butler, who caused this accident, was a criminal and that it was Butler's negligence which inflicted the injury and, as said in the foregoing case, the negligence of the thief was an intervening efficient cause interrupting the chain of causation between the defendant's act in leaving his key in the ignition switch and the death of the deceased in that case.

In the case of Sullivan v. Griffin, 318 Mass. 359, 61 N. E. 2d 330, the Supreme Judicial Court of Massachusetts, in a case very similar to this one, said: ''By Article IV, Sec. 7, of the traffic rules and regulations of the city of Boston then in force, it was provided: 'No driver shall stop, stand or park a vehicle in any of the following places, except when necessary to avoid conflict with other traffic, or with pedestrians, or in compliance with the direction of a police officer or traffic sign or signal: * * Upon any sidewalk.' There was a penalty of not exceeding $50 for violation.

''The defendant violated not only the ordinance but also the provisions of G. L. (Ter. Ed.) c. 90, Sec. 13,

which read, 'No person having control or charge of a motor vehicle shall allow such vehicle to stand in any way and remain unattended without first locking or making it fast.' See, also, G. L. (Ter. Ed.) c. 90, Sec. 7. 'The violation of a penal statute or of a valid ordinance, rule or regulation is evidence of negligence as to all consequences that were intended to be prevented.' Kralik v. LeClair, 315 Mass. 323, 326, 52 N. E. 2d 562, 564, and cases cited. Nothing is added by the defendant's knowledge that thieves might take the automobile if left unlocked. Theft of the automobile was undoubtedly a consequence intended to be prevented by the statute if not by the traffic regulation. But it is quite another thing to say that injuries sustained through the operation of the automobile by thieves in the circumstances here disclosed were consequences intended to be prevented. ' "Negligence consisting in whole or in part of violation of law, like other negligence, is without legal consequence unless it is a contributing cause of the injury." Baggs v. Hirschfield, 293 Mass. 1, 3, 199 N. E. 136,137.' Kelly v. Hathaway Bakeries, Inc., 312 Mass. 297,299, 44 N. E. 2d 654, 655. Burke v. Durland, 312 Mass. 291, 292, 293, 44 N. E. 2d 655. See Falk v. Finkelman, 268 Mass. 524, 527, 168 N. E. 89; Bellows v. Worcester Storage Co., 297 Mass. 188, 196, 7 N. E. 2d 588. It is settled in this jurisdiction that the injuries here were not a proximate result of the defendant's negligence. The case at bar is governed by Slater v. T. C. Baker Co., 261 Mass. 424, 158 N. E. 778, which was not overruled by Malloy v. Newman, 310 Mass. 269, 37 N. E. 2d 1001, a decision relating to an unregistered automobile. Nor is there any ground of distinction on the issue of proximate cause in the fact that in the Slater case the automobile was left where it might be seen by the defendant's employees. The plaintiff's contentions go far toward making the defendant an insurer as to the consequences of every accident in which his automobile

might become involved while operated by the original thieves or their successors in possession. This is a course upon which, even if it were open, we decline to embark. See Am. Law Inst. Restatement: Torts, Sec. 447, comment g.''

Another Minnesota case directly in point is Kennedy v. Hedberg, 159 Minn. 76, 198 N. W. 302, in which it was said: ''It is unnecessary to enter upon a discussion of the doctrine that legal responsibility for an accidental injury cannot be fastened upon a man unless his act or failure to act was the proximate cause of the injury. If his act or omission only became injurious through some distinct wrongful act of another, the last act is the proximate cause, and the injury will be imputed to it. The doctrine was applied in Peterson v. Martin, 138 Minn., 195, 164 N. W. 813, and in Childs v. Standard Oil Co., 149 Minn. 166, 182 N. W. 1000, cases in point here. In a legal sense there was no causal connection between Hedberg's failure to stop the motor and the accident. His omission was merely an incident in the sequence of events which preceded the accident. Upon this feature of the case, Denson v. McDonald, 144 Minn. 252, 175 N. W. 108, is decisive. See, also, Robertson v. Spitler, 153 Minn. 395, 190 N. W. 992.''

In Wannebo v. Gates, 227 Minn. 194, 34 N. W. 2d 695, the court quoted with approval from Kennedy v. Hedberg, supra, and then said: ''The weight of authority in outside jurisdictions is to the effect that, in situations similar to ours, the negligence of the actor is insulated by the act of an intervening efficient cause.''

In the case of Saracco v. Lyttle, 11 N. J. S. 254, 78 A. 288, the Superior Court of New Jersey said:

''No claim was made that Lyttle violated any provision of a statute or ordinance. See Note, 158 A. L. R. 1374.

''Under the facts of the present case, it was not reasonably to be anticipated that an intermeddler would not

only drive the car away but also would later negligently operate it. The leaving of the automobile unlocked afforded an opportunity for the unlawful taking by Padula, but this was merely a circumstance and not the proximate cause of the collision. Responsibility for an accident cannot attach to one unless his act or failure to act was the proximate cause of the injury. The proximate cause of the collision was the unskillful handling of the car by Padula. The negligence of the intermeddler, in driving into the vehicle of plaintiff, was an intervening efficient cause interrupting the chain of causation between defendant Lyttle's act in leaving his key in the ignition switch (whether or not such act in itself constitutes negligence) and the damage to the plaintiff. See Restatement, Torts, Secs. 447, 448; Cuff v. Newark and New York Railroad Company, 35 N. J. L. 17 (Sup. Ct. 1870), affirmed 35 N. J. L. 574 (E. & A. 1871); Morril v. Morril, 104 N. J. L. 557, 142 A. 337, 60 A. L. R. 102 (E. & A. 1928); Breker v. Lakewood Water Co., 174 A. 478, 12 N. J. Misc. 721 (Sup. Ct. 1934); Anderson v. Theisen, 43 N. W. 2d 272 (Sup. Ct. Minn. 1950), and cases cited therein.''

The case of Midkiff v. Watkins, (La.) 52 So. 2d 573, quoted with approval from Maggiore v. Laundry & Dry Cleaning Service, Inc., (La. App.), 150 So. 394, as follows:

''There can be no doubt that the final injury was traceable to the initial fault because it cannot be denied that, had the key been withdrawn, as the ordinance required, there would have been no injury. But that fact alone does not render defendant liable because, as the Supreme Court of the United States said in Atchison, Topeka & S. F. Ry. Co. v. Calhoun, 213 U. S. page 1, 29 S. Ct. 321, 323, 53 L. Ed. 671: 'Where, in the sequence of events between the original default and the final mischief an entirely independent and unrelated cause intervenes, and is of itself sufficient to stand as the cause of

the mischief, the second cause is ordinarily regarded as the proximate cause and the other as the remote cause.'

" 'If the act of Hirstius and Maggiore in pushing the car was such as no reasonably prudent person should have anticipated or expected, then it may well be said that this act would be termed "independent of" and "unrelated to" the primary act of defendant's employee, and would, in law, be considered the proximate cause, and the failure to withdraw the key only as the remote cause. * * * .' "

The Court then said:

"Assuming for the sake of argument that the leaving of the key in the ignition switch did constitute negligence on the part of the defendants, we are still inclined to believe that under the circumstances in the instant case, that the intervening act of Wilson was sufficient to break the sequence of defendant's negligence so as to establish the intervening cause as the efficient or proximate cause of the accident. We think the test of proximate cause is whether the facts constitute a continuous succession of events so linked together that they become a natural whole or whether the chain of events is so broken that they become independent, and the final result is not the natural and probable consequences of the primary cause. Under the facts as related in this case, we are convinced that there was an intervening cause which broke the sequence of the defendant's alleged negligence, if any. To hold the defendants liable in this case would go far towards making them insurers as to the consequences of every accident in which their car might become involved while operated by thieves or their successors in possession."

The Court again quoted with approval from the Maggiore case, "It is a familiar doctrine that everyone is justified in assuming that everyone else will obey the laws." And the Court then said in the Midkiff case:

"Certainly we could not hold that the defendants could reasonably foresee that their car would be stolen. It is an everyday occurrence, especially in small communities, to park a car with the keys left in the ignition switch. Although we firmly believe that, for the owner's protection, it is a good practice to remove the keys from a parked car, his failure to do so would not constitute negligence so as to render him liable for damages committed to a third party by a thief in stealing his automobile. In Castay v. Katz & Besthoff, 148 So. 76, where the theft occurred in the City of New Orleans, the court refused to hold the owner of the stolen vehicle liable. It is a well known fact that the crime of theft of an automobile is more likely to occur in larger urban communities than in rural communities. Furthermore, the crime in that case, occurred during Mardi Gras, which is a period fraught with crime and mischief."

Another case which we consider directly in point is Richards v. Stanley, 271 P. 2d 23, decided by the Supreme Court of California in 1954, in which the Court said:

"The problem is not answered by pointing out that there is a foreseeable risk of negligent driving on the part of thieves. There is a foreseeable risk of negligent driving whenever anyone drives himself or lends his car to another. That risk has not been considered so unreasonable, however, that an owner is negligent merely because he drives himself, or lends his car to another, in the absence of knowledge on his part of his own or the other's incompetence. Moreover, by leaving the key in the car the owner does not assure that it will be driven, as he does when he lends it to another. At most he creates a risk that it will be stolen and driven. The risk that it will be negligently driven is thus materially less than in the case in which the owner entrusts his car to another for the very purpose of the latter's use.

"In one sense the problem presented involves the duty of the owner of an automobile so to manage it as not to create an unreasonable risk of harm to others. It bears emphasis, however, that when Mrs. Stanley left the car it was in a position where it could harm no one, and no harm occurred until it had been taken by a thief. Thus a duty to prevent such harm would involve more than just the duty to control the car, it would involve a duty to prevent action of a third person. Ordinarily,, however, in the absence of a special relationship between the parties, there is no duty to control the conduct of a third person so as to prevent him from causing harm to another. Lane v. Bing, 202 Cal. 590, 592, 262 P. 318; see, Ellis v. D'Angelo, 116 Cal. App. 2d 310, 317, 253 P. 2d 675; Restatement, Torts, Sec. 315; Harper and Kime, The Duty to Control the Conduct of Another, 43 Yale L. J. 886. Moreover, this rule is applicable even in cases in which the third person's conduct is made possible only because the defendant has relinquished control of his property to the third person, at least if the defendant has no reason to believe that the third person is incompetent to manage it. Thus, as noted above, an automobile owner is not ordinarily negligent if he lends his car to another; except in certain special circumstances, a lessor may rely on his lessee to discharge the duty to maintain the premises in reasonably safe condition for the benefit of persons entitled to such protection, see, Restatement, Torts, Secs. 355-362; Goodman v. Harris, 40 Cal. 2d 254, 261, 265, 253 P. 2d 447; and a supplier of lumber is entitled to assume that a building contractor will not negligently select an obviously defective piece of lumber to use as a support for a scaffold. Stultz v. Benson Lumber Co., 6 Cal. 2d 688, 694-695, 59 P. 2d 100.

"In the present case Mrs. Stanley did not leave her car in front of a school where she might reasonably expect irresponsible children to tamper with it, see, Restatement, Torts, Sec. 302, illus. 7, nor did she leave it

in charge of an intoxicated passenger as did defendant in Morris v. Bolling, 31 Tenn. App. 577, 218 S. W. 2d 754. By leaving the key in her car she at most increased the risk that it might be stolen. Even if she should have foreseen the theft, she had no reason to believe that the thief would be an incompetent driver. In view of the fact that the risk of negligent driving she created was less than the risk she might intentionally have created without negligence by entrusting her car to another, and in the light of the rule that she owed no duty to protect plaintiff from harm resulting from the activities of third persons, we conclude that her duty to exercise reasonable care in the management of her automobile did not encompass a duty to protect plaintiff from the negligent driving of a thief."

The State of New York is in accord with the other authorities which we have cited and we call attention particularly to the case of Walter v. Bond, 267 App. Div. 779, 45 N. Y. S. 378, in which the court said:

"Action by plaintiff-wife to recover damages for personal injuries suffered by her when a taxicab was driven onto a sidewalk, and by her husband for loss of services and expenses. The cab had been parked at a curb; the ignition key was left in position, and the door unlocked. In the driver's absence an intoxicated passenger came out of the office that he had been visiting, returned to the cab, started the motor, and drove the car. Injury to the plaintiff-wife resulted during this unauthorized use of the automobile.

"The facts are not disputed, and no questions of fact are presented upon the appeal. Under the proof the appellant may not be charged with negligence resulting in the damages sustained by the plaintiffs." This case was affirmed in 292 N. Y. 574, 54 N. E. 2d 691.

Another New York case in point is Lotito v. Kyriacus, 272 App. Div. 635, 74 N. Y. S. 599, in which the court said: "In the appeal now before this court, the proximate

cause of the accident was the unskillful handling of the automobile by the thief; the leaving of the car unguarded and unlocked was a contributing reason to the theft, but not the proximate cause of the collision. The use of the car by the thief intervened between the occurrence of the negligence of the defendant-husband and the unskillful driving of the car by the thief."

The decision in Ostergard v. Frisch, referred to hereinabove, was specifically overruled in Cockrell v. Sullivan, 344 Ill. App. 620, 101 N. E. 2d 878.

The appellant argues that the appellee was guilty of negligence in leaving the car unattended with the key in the switch and we may readily agree with this contention but in the case of Tombigbee Elec. Power Assn. v. Gandy, 216 Miss. 444 (452), 62 So. 2d 567, we said: "But even where negligence is shown that fact alone affords no basis for the recovery of damages unless it further appears from direct evidence or reasonable inference that such negligence proximately contributed to the damage."

In the case of New Orleans & N. E. R. Co. v. Burge, 191 Miss. 303, (310-311), 2 So. 2d 825, we said:

"It is not enough in any case merely that the defendant was negligent. The failure to ring the bell or blow the whistle does not of itself impose liability. If it did, then a man stone-deaf with nobody in sight of him could recover. The statute does not so attempt, even if it could constitutionally do so—however much upon a casual approach there may be a feeling to the contrary. In this, as in all cases, it is necessary to a cause of action on account of the negligence that the latter shall have been the proximate, or a contributing, cause of injury to another; and in order that it shall be a proximate or contributing cause it must have been a substantial factor in producing the injury. * * * The foregoing statement is particularly applicable in those cases where the actor's negligence consists in the failure to take certain precautions

which are required by law for the protection of another's person or chattels, of which the requirement to ring the bell or blow the whistle at public crossings is an example.''

It will be noted that the Burge case dealt with the violation of a statute and the court there said that the violation of the statute does not of itself impose liability.

The case of E. I. DuPont de Nemours & Co. v. Ladner, 221 Miss. 378, 401, (403), 73 So. 2d 249, dealt with the violation of the federal food, drug and cosmetic act and we there held that the violation of the act alone does not make out a case of liability. We quoted with approval from American Jurisprudence as follows:

'' 'One who acts negligently is not bound necessarily to anticipate that another person will be negligent after the latter has discovered the danger arising from the former's negligence. The first actor, however, is not permitted to assume that the second actor will discover the danger caused by the first actor's negligence. Accordingly, where the second actor after having become aware of the existence of a potential danger created by the negligence of the first actor, acts negligently in respect of the dangerous situation and thereby brings about an accident with injurious consequences to others, the first actor is relieved of liability, because the condition created by him was merely a circumstance and not the proximate cause of the accident.' 38 Am. Jur. 731, Negligence, par. 72. * * *

'' 'It is not material whether the negligence complained of in an action was the violation of a duty imposed by the common law or the violation of one imposed by a statute or ordinance, so far as concerns the requirement that negligence must have been the proximate cause of the plaintiff's injury to warrant a recovery. * * * If the violation of the statute or ordinance by the defendant was not the direct and proximate cause of the accident,

he is not liable for the injury of which complaint is made.' 38 Am. Jur. 837, Negligence, par. 166.''

It will be noted that in several of the cases hereinabove cited from other jurisdictions it was held that even though the owner of the automobile may have been negligent in leaving the car unattended with the key in the switch, nevertheless the act of the thief who stole the car in negligently causing damage to a third party was an independent intervening efficient cause.

In the case of Public Service Corp. v. Watts, 168 Miss. 235 (250), 150 So. 192, in connection with this question we said: ''If the force which causes the injury is put in operation or motion by what is the negligence of the defendant, and that force or motion is still in progress or operation and has not lost its identity and continuity, as such, when the injury occurs, then the negligence which puts the injurious force in operation is the proximate cause. But when a new and independent force intervenes between the negligence of the defendant and the injury and that new and independent force or power or agency is then and there of sufficient strength or operative force to overcome and substantially supersede the original force or motion, that is to say, if the new and independent force or power is actually an efficient force or power, then the new force becomes the proximate cause, and the original cause, having been superseded, becomes the remote cause. See the review of the authorities in the recent case, Southern Pacific Co. v. Ralston (C. C. A.), 62 F. 2d 1026.''

In the case of Mississippi City Lines, Inc. v. Bullock, 194 Miss. 630 (639-640), 13 So. 2d 34, 145 A. L. R. 1199, there was involved the question of a violation of a statute with reference to the parking of buses but since there was an independent intervening cause we denied liability and said:

''Although it was proved, as stated, that the position in which the bus stood was violative of Section 90,

Chap. 200, Laws 1938, as construed in the recent case, Teche Lines, Inc. v. Danforth (Miss.), 12 So. 2d 784, not yet reported in State report, we are of the opinion that this was not the proximate cause of the injury, and we shall reach and dispose of the other contentions during the further course of this opinion.

"Although one may be negligent, yet if another, acting independently and voluntarily, puts in motion another and intervening cause which efficiently thence leads in unbroken sequence to the injury, the latter is the proximate cause and the original negligence is relegated to the position of a remote and, therefor, a nonactionable cause. Negligence which merely furnishes the condition or occasion upon which injuries are received, but does not put in motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof. The question is, did the facts constitute a succession of events so linked together as to make a natural whole, or was there some new and independent cause intervening between the alleged wrong and the injury? 38 Am. Jur., p. 702; Thompson v. Mississippi Cent. R. Co., 175 Miss. 547, 554, 166 So. 353. And so say all the authorities, among which, as a striking illustration, is Bufkin v. Louisville & N. R. Co., 161 Miss. 594, 137 So. 517."

In the case of Stewart v. Kroger Gro., Co., 198 Miss. 371 (379-380), 21 So. 2d 912, we cited the Bullock case with approval and said:

"Although one may be negligent yet if another acting independently and of his own volition, wrongfully or negligently puts in motion another and intervening cause which efficiently thence leads in unbroken sequence to the injury the latter is the proximate cause and the original negligence is relegated to the position of a remote and, therefore, a nonactionable cause. Negligence which merely furnishes the condition or occasion upon which injuries are received, but does not put in motion the negligent and wrongful agency by or through which

the injuries are inflicted, is not the proximate cause thereof. Compare Mississippi City Lines v. Bullock, 194 Miss. 630, 13 So. 2d 34, 145 A. L. R. 1199.''

■■ ■ In view of the fact that the great weight of authority from other jurisdictions is against the contention of the appellant, and in view of the fact that our Court has repeatedly upheld the principle that even though the defendant may have been negligent, nevertheless if an independent intervening agency was the proximate cause of the injury inflicted, the plaintiff can not recover upon the original act of negligence, ■■■■ we are of the opinion, that even though the appellee in this case may have been guilty of negligence in violating the statute prohibiting the leaving of a car unattended with the key in the switch, nevertheless the act of the thief in running a red light at a reckless rate of speed was an intervening agency which caused the accident complained of and superseded the original act of negligence of the appellee. It is therefore our opinion that the declaration on its face shows that the appellant has no cause of action and that the judgment of the lower court in sustaining a demurrer to the declaration was correct and should be affirmed.

Affirmed.

*McGehee, C. J.,* and *Roberds, Kyle, Ethridge* and *Gillespie,* JJ., concur.

HOLMES, J., dissenting.

The majority opinion holds as a matter of law that even though the appellee may have been guilty of negligence in violating the statute prohibiting the leaving of a car unattended and with the key in the ignition switch, nevertheless, the act of the thief in running a red light at a reckless rate of speed was an intervening agency which caused the accident complained of and superseded the original act of negligence of the appellee. I am, with deference, unable to bring myself in accord with this view.

I am cognizant of the fact that the weight of authority in outside jurisdictions supports the majority view. On the other hand, as pointed out in the majority opinion, there is respectable and well reasoned authority to the contrary in other outside jurisdictions. Our solution of the question should be in accordance with fundamental principles announced by our own decisions and with our own system of jurisprudence.

The appellee's negligence is conceded. The question is whether at the time of the commission of the original act of negligence the appellee should have reasonably foreseen or anticipated the probability that the car might be stolen and that the thief, in his effort to get away with it, would exercise less than reasonable care in driving it and thereby cause injury to another. If such should have been reasonably anticipated, then the original act of negligence combined with that of the thief to bring about the injury and became a contributing proximate cause of the injury. This is true notwithstanding the intervention of the thief's negligence if such should have been reasonably anticipated. This principle is firmly embedded in our own decisions.

In the case of D'Antoni v. Albritton, 156 Miss. 758, 126 So. 836, the Court, in discussing liability for a negligent act, said: "The act must be of such character that the person doing it should reasonably anticipate that some injury to another will probably result therefrom." The converse of this is inescapably true that liablity attaches to the actor if the act be of such character that the person doing it should reasonably anticipate that some injury to another will probably result therefrom. It is not every intervening cause that insulates the original act of negligence.

In the case of Russell v. Williams, 168 Miss. 181, 150 So. 528, suggestion of error overruled, 168 Miss. 181, 151 So. 372, the Court held that if the occurrence of the intervening cause might reasonably have been anticipated

it will not interrupt the connection between the original cause and the injury.

In the case of Oliver Bus Lines v. Skaggs, 174 Miss. 201, 164 So. 9, the Court held that an independent intervening cause which will interrupt the connection between the original cause and the injury is a cause which could not have been reasonably foreseen by the defendant while exercising due care.

The case of Solomon, et al v. Continental Baking Company, 172 Miss. 388, 167 So. 732, involved an action for damages. The driver of a truck stopped his car on the side of the highway at night when it was not equipped with a rear red light as was required by statute. A motorist ran into the truck and sustained injuries. It was contended in that case that the negligence of the motorist in driving his vehicle was the sole proximate cause of the collision. The Court said: "One of the purposes of the statute requiring an automobile to be equipped with a rear red light is to prevent collisions of the character here, and *the driver of an automobile violating this statute should realize the probability that one driving another automobile would approach him from the rear without himself observing the requirements of the law of the road.*" (Emphasis ours)

In the case of Gulf Refining Company v. Brown, 196 Miss. 131, 16 So. 2d 765, a motorist stopped his automobile on a bridge after passing an automobile parked near the entrance of the bridge, his purpose being to render aid to a pedestrian. One car passed him and the second ran into him. The case was submitted to the jury and a verdict rendered for the plaintiff wherein the award was reduced to the extent of twenty-five percent on account of the contributory negligence of the plaintiff's truck driver. The Court in that case quoted with approval 29 Cyc. 492-496, as follows: "If a defendant is negligent and this negligence combined with that of another, *or with any other independent intervening cause,*

he is liable, although his negligence was not the sole negligence, or the sole proximate cause, and although his negligence without such other independent intervening cause would not have produced the injury.'' (Emphasis ours)

Thus it appears firmly settled by our own decisions that if the occurrence of the intervening cause might reasonably have been anticipated, it will not interrupt the connection between the original cause and the injury.

Whether or not in this case the intervention of the thief's act in stealing the car and driving it recklessly in his effort to get away with it might reasonably have been anticipated by the appellee is, in my humble opinion, a question for the determination of the jury under all of the facts and circumstances. This in the main is the point of difference between my view and that of the majority. The question is one which involves negligence. Under our system of jurisprudence, all questions of negligence and contributory negligence have by legislative enactment been declared for the determination of the jury. Section 1455 of the Mississippi Code of 1942 provides: ''All questions of negligence and contributory negligence shall be for the jury to determine.''

Aside from the statute, this Court has held in the case of American Creosote Works of La. v. Harp, 215 Miss. 5, 60 So. 2d 514, 35 A. L. R. 2d 603, that when reasonable minds might differ on the matter, questions of proximate cause and of negligence and of contributory negligence are generally for the determination of the jury. In the case of Magers v. Okolona, Houston and Calhoun City R. Co., 174 Miss. 860, 165 So. 416, the Court held that where reasonable men might have a difference of opinion as to whether the negligence of the actor continued as a substantial factor in bringing about the injury, the question of plaintiff's recovery is for the jury.

That the question whether the appellee in the commission of the original act of negligence should have

reasonably anticipated the acts of the thief which combined with the negligence of the appellee to bring about the injury in this case is one on which reasonable men may differ, is emphasized by the division of authorities among the courts in outside jurisdictions, and indeed by the division of opinion among the members of this Court in this case.

It is accordingly my humble opinion that the demurrer to the declaration should have been overruled, and in the event the proof sustains the allegations of the declaration, the case should be submitted to the jury under proper instructions, leaving to the determination of the jury the question as to whether the appellee in the commission of the original act of negligence should have reasonably anticipated the acts of a thief in stealing the car and driving it recklessly in his efforts to get away, resulting in injury.

In these times when frequent car thefts, congestion of automobile traffic, daily fatalities on the highways, and too frequent non-observance of traffic regulations and rules of the road, are matters of common knowledge, the jury might well be warranted under the facts of this case in finding that the appellee in the commission of the original act of negligence should have reasonably anticipated the probability that the car might be stolen, and that the thief in his effort to get away with it would exercise less than reasonable care in driving it, and thereby cause injury to another.

Certainly the question is one for the jury under our statute, which requires that all questions of negligence or contributory negligence shall be for the jury to determine.

I am authorized to say that Justices Lee and Arrington concur in this dissent.