[L. A. No. 15622. In Bank.—July 1, 1936.]

CLYDE A. STULTZ, Appellant, v. BENSON LUMBER COMPANY (a Corporation) et al., Respondents.

Edward J. Kelly, Marie M. Herney and Ben B. Rubin for Appellant.

Wright, Monroe, Thomas & Glenn for Respondents.

SHENK, J.—The plaintiff commenced this action to recover from the Benson Lumber Company, and Horace Raymond Newby and Charles D. Newby, damages for personal injuries sustained by falling from a collapsing scaffolding on which he was working. The trial court sustained without leave to amend the demurrers of the defendant, Benson Lumber Company, and of the defendants Newby. From the judgment entered accordingly the plaintiff has appealed.

The following facts appear from the complaint: The plaintiff was a painter in the employ of the defendants Newby at San Diego. On April 26, 1934, he was working in the course of his employment on a scaffold or platform which had been constructed by his employers. While he was so occupied a plank of lumber, which had been used as a main support in the construction of the scaffolding, collapsed. The plaintiff was thereby precipitated to the ground and seriously injured. The plank was cross-grained and so filled with knots as to be defective, unsafe and inappropriate for the purpose. It was further alleged that the defective plank was manufactured and sold to the plaintiff's employers by the defendant Benson Lumber Company; that the Benson Lumber Company was informed of and fully aware of the purpose for which the plank was to be used; and that the unsafe and defective condition of the plank and its unsuitability for the purpose was known to the Benson Lumber Company and to the defendants Newby.

It is conceded by the plaintiff that the demurrer of the defendants Newby was properly sustained inasmuch as under

the provisions of the Workmen's Compensation Act there may be no recovery in an action at law by the employee for the negligence of his employer. The question presented on this appeal is whether the complant states a cause of action as against the defendant Benson Lumber Company.

It is also conceded that the allegations of the complaint disclose an absence of any privity of contract between the plaintiff and the Benson Lumber Company, and that any cause of action against the lumber company must be grounded on a breach of a duty owed by it to the plaintiff in the manufacture and sale of the plank.

The recovery by third persons on the basis of negligence for injuries by reason of defective material used in manufacture arose as an exception to the general rule that recovery for such injuries may be had only by the party to the contract of sale. The earliest exception to the general rule permitted a recovery by one not standing in a contractual relationship who had been injured by reason of the faulty manufacture of articles which were inherently dangerous to life and property, such as poisons, explosives and firearms. In such cases the duty cast upon the manufacturer or seller was not to sell the article without notice of its inherent danger if not properly used, or without notice of any concealed or latent defect which was known or which should have been known to the manufacturer or seller and which, in the proper use of such article, might endanger life or property. A full exposition of the origin, history and development of the principles embodied in the general rule and the exceptions thereto may be found in the following authorities and notes, and the cases cited therein. *Huset* v. *J. I. Case Threshing Machine Co.,* 120 Fed. 865 [61 L. R. A. 303] ; *McCaffrey* v. *Mossberg & Granville Mfg. Co.,* 23 R. I. 381 [50 Atl. 651, 91 Am. St. Rep. 637, 55 L. R. A. 822] ; *Schubert* v. *J. R. Clark Co.,* 49 Minn. 331 [51 N. W. 1103, 32 Am. St. Rep. 559, 15 L. R. A. 818] ; *Olds Motor Works* v. *Shaffer,* 145 Ky. 616 [140 S. W. 1047, Ann. Cas. 1913B, 689, 37 L. R. A. (N. S.) 560] ; 45 Cor. Jur., pp. 849 et seq., 886 et seq., notes, 17 A. L. R., p. 672 et seq.; 39 A. L. R., p. 992 et seq.; 42 A. L. R., p. 243 et seq.; 60 A. L. R., p. 371 et seq.

The foregoing authorities indicate that some courts have applied a further extension of the rule of liability in favor of third persons on the basis of negligence to cases involving

the manufacture and sale of articles not inherently dangerous, but which are or may become dangerous, or, as it is sometimes said, "imminently" dangerous, by reason of some concealed defect which was or should have been known to the manufacturer or seller.   That extension of the rule is expounded in the case of *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382 [111 N. E. 1050, Ann. Cas. 1916C, 440, L. R. A. 1916F, 696], and has been recognized by this court.   (*Kalash* v. *Los Angeles Ladder Co.*, 1 Cal. (2d) 229 [34 Pac. (2d) 481].)

■ The allegations of the present complaint, however, fall short of bringing this case within any of the recognized exceptions or rules of liability based on negligence.   Furthermore, we perceive no basis upon which to extend the rule of liability for negligence to situations, such as the one here presented, which were left not covered and were merely suggested in the decided cases.   It is true that the plaintiff alleges that the Benson Lumber Company was informed of the use to be made of the lumber and that it knew of the defects in the plank and its unsafe and dangerous condition for use as a main support in the construction of a scaffolding. But it is not alleged, nor is it contended that the condition of the plank was concealed in any manner or unknown to the purchasers, the Newbys.   On the contrary it is expressly alleged that the plank was full of knots and was cross-grained, and that this condition and its unsuitability for the purpose of a support for a scaffolding was likewise known to them, and that they with such knowledge used it as a main support for the scaffolding.

That the case attempted to be stated is not embraced within any of the rules of liability based on the negligence of the manufacturer or supplier and adopted by the decided cases becomes obvious.

In the case of *McPherson* v. *Buick Motor Co., supra,* the plaintiff had purchased from a retail dealer an automobile manufactured by the defendant.   Liability was imposed upon the defendant for injuries sustained by the plaintiff when defective wood used in the spokes of one of the wheels crumbled into fragments.   The wheel had not been made by the defendant, but had been purchased by it from another manufacturer.   In that case it was said: "We are not required, at this time, to say that it is legitimate to go back

of the manufacturer of the finished product and hold the manufacturers of the component parts. To make their negligence a cause of imminent danger, an independent cause must often intervene; the manufacturer of the finished product must also fail in his duty of inspection. It may be that in those circumstances the negligence of the earlier members of the series is too remote to constitute, as to the ultimate user, an actionable wrong. (Citing authorities) . . . We leave that question open.''

Here the defendant is the supplier, or, conceding the plaintiffs' view, the manufacturer of one of the component parts of the scaffolding constructed by the defendants Newby. Is the question which was left open in the Buick Motor Company case present here? There may be some objections to attempting an analogy between an automobile or other appliance and a scaffolding. The latter is not always delivered as a finished appliance, ready for use, as is an automobile. Its component parts are used and perhaps reused in constructing on the premises scaffoldings of varying dimensions. In the one case coming to our notice dealing with the question whether a dealer in lumber was liable for injuries caused by defective scaffolding, the question was answered in the negative. (*Kramer* v. *Mills Lumber Co.,* 24 Fed. (2d) 313 [60 A. L. R. 366].) In that case, however, there was an absence of any showing that the defendant knew that the lumber was defective, although it knew the purpose for which the lumber was ordered.

The cases principally relied upon by the plaintiff as pertinent on the facts are not helpful. In *Devlin* v. *Smith,* 89 N. Y. 470 [42 Am. Rep. 311], the plaintiff, a painter, was injured by a fall from a defective scaffold. He sued both his employer, who had nothing to do with the building of the scaffold, and an independent contractor who constructed the scaffold and delivered it to the employer for use. It was held that the builder of the scaffold was liable to the plaintiff for the negligent construction of the scaffold. That case illustrates one of the early extensions of the doctrine of *Thomas* v. *Winchester,* 6 N. Y. 397 [57 Am. Dec. 455], permitting recovery by third persons in cases of negligence in the preparation or sale of poisons, explosives and other inherently dangerous articles. It goes no further than to serve as authority for the proposition that the builder of the scaffold-

ing owes a duty of care to those for whose use it is intended, whether or not they stand in a contractual relation to him. Likewise the case of *Kalash* v. *Los Angeles Ladder Co.,* *supra,* where the defendant was the manufacturer of a ladder containing a rung which was faulty due to the brash quality of the wood. The rungs were purchased by the defendant from a hardwood dealer, who was not sued. These and other cases, such as *Bright* v. *Barnett & Record Co.,* 88 Wis. 299 [60 N. W. 418, 26 L. R. A. 524], are therefore on their facts analogous to the Buick Motor Company case and do not assist in resolving the problem left open in that case. That question, however, is left without further discussion, inasmuch as the question of the defendant lumber company's liability under the facts here alleged may be disposed of by considerations independent of it.

The conceded negligence of the Newbys must be deemed to be an intervening cause which served to break the chain of causation between the alleged negligence of the defendant Benson Lumber Company and the injury suffered by the plaintiff. That the negligence of the person directly supplying the finished article may intervene between one more remote and the plaintiff, and break the chain of causation, is indicated in the language quoted herein from *MacPherson* v. *Buick Motor Co., supra.* The same indication is given utterance in the following language from *Huset* v. *J. I. Case* *Threshing Machine Co., supra*: "So, when a manufacturer sells articles to the wholesale or retail dealers or to those who are to use them, injury to third persons is not generally the natural or probable effect of negligence in their manufacture, because (1) such a result cannot ordinarily be reasonably anticipated, and because (2) an independent cause —the responsible human agency of the purchaser—without which the injury to the third person would not occur, intervenes, and as Wharton says, 'insulates' the negligence of the manufacturer from the injury to the third person." It is true that this statement was addressed to the foundation for the general principle that recovery for injuries caused by defects is limited to those persons standing in a contractual relation to the manufacturer. But the exceptions to the general rule which have arisen have served but to disclose the fallacy in the first reason given therefor, and

to limit the application of the word "responsible" in the second reason. The present limitation, however, is not to be deemed to exclude as a responsible intervening agency one who himself is directly answerable to such third person by reason of his own knowledge of defects or other breach of duty arising under special circumstances. In *Schubert* v. *J. R. Clark Co., supra,* the negligence of the defendant is said to constitute actionable wrong if the injury therefrom result without the intervention of any fault or neglect on the part of the plaintiff or on the part of any other person. Furthermore the pertinent principles hereinbefore referred to are predicated on the knowledge or duty of awareness of the defect on the part of the manufacturer or seller and his failure to warn the purchaser of such defect, and the absence of similar knowledge or duty on the part of the purchaser. (45 Cor. Jur., p. 892, sec. 331, and cases cited.) The cases which discuss the general principles and distinctions applicable in cases involving concurring acts of negligence, or intervening acts sufficient to break the chain of causation such as the squib case (*Scott* v. *Shepherd,* 2 W. Black. 892, 1 Smith Lead. Cas. 797), deal with acts of negligence which are more nearly in the nature of direct acts of trespass or assault. They are of little assistance on their facts in deciding what is an act of negligence sufficient to break the chain of causation between the manufacturer of a defective article and the ultimate consumer or user. The facts in the squib case would more nearly bear an analogy to the facts here alleged if the defendant, the person first to throw the squib, had thrown it in a place where it would have been harmless, and the second, knowing its inability to produce harm if carefully handled, had sent it on its way to cause injury to the plaintiff. In such a case there would be little question but that the intervening act of the second person was that of a responsible human agency sufficient to break the chain of causation. (22 R. C. L., p. 136.) A retail distributor's independent inspection of mixed gasoline and kerosene negligently delivered to him by the defendant as kerosene, and sold by the former to the plaintiff as kerosene, was held to have broken the chain of causation in *Catlin* v. *Union Oil Co.,* 31 Cal. App. 597 [161 Pac. 29]. Whether the defendant Newbys' acts in constructing the scaffold with the defective lumber, had they been without knowledge

of its defective condition, would still have been an efficient intervening act of negligence we are not called upon to decide.

The rules applicable to suppliers are contained in the Restatement of the Law of Torts, page 1038, section 388 et seq. The question is not now presented whether the defendant lumber company should have foreseen that the defendants Newby would, without knowledge of the defective condition of the plank, have used it in the construction of the scaffolding. There is nothing stated in the text last cited, nor in the other authorities or decided cases which under the facts here alleged would justify the imposition upon the defendant lumber company of the burden of anticipating that the defendants Newby would be negligent, that is, that those defendants, at least after they knew of the faulty nature of the plank, would nevertheless use such a plank as a main support in the construction of the scaffolding. When the defendants Newby constructed the scaffolding with the defective plank, knowing it to be defective, such negligence in the construction of the scaffolding became their negligence and their responsibility and terminated the responsibility of the Benson Lumber Company as to the plaintiff, if indeed, it had any potentially actionable responsibility to the plaintiff up to that time.

The judgment is affirmed.

Waste, C. J., Thompson, J., Curtis, J., and Seawell, J., concurred.

Rehearing denied.