[Civ. No. 9871. First Appellate District, Division Two.—September 16, 1936.]

HELENE WATERMAN, etc., Appellant, v. J. H. LIEDERMAN et al., Respondents.

Livingston & Livingston for Appellant.

Myrick & Deering and Scott and Haight, Trippet & Syvertson for Respondents.

NOURSE, P. J.—Plaintiff was injured while riding as a guest of J. W. Cohn in his automobile when the tire upon a rear wheel blew out and the car upset in a ditch along the side of the highway. She sued Cohn as owner of the car, Liederman as operator, and the manufacturer of the tire. Cohn died before the trial and the action abated as to him. Nonsuits were granted both of the remaining defendants at the close of plaintiff's case. Her appeal is on a bill of exceptions.

The accident occurred on the morning of July 4, 1931, when the statute permitted a guest to recover when the injury resulted from the gross negligence of the owner or driver

of the vehicle and placed upon the plaintiff the burden of proving that gross negligence was the proximate cause of the injury. ▉ In attempting to sustain this burden the plaintiff tendered evidence to show that Liederman was driving around fifty-five miles an hour at the time of the accident, that he had been "swerving in and out", that he passed other automobiles, and that he was in a "depleted" physical condition. The party left San Francisco at 4:15 A. M. and had breakfast in Salinas at 9. They then spent twenty minutes at a filling station and started for Los Angeles. Twenty miles south of Salinas a blow-out occurred, and the car swerved into a ditch on the left side of the highway. The evidence of speed rested on the testimony of the plaintiff alone. She sat in the rear seat between two other ladies. She did not look at the speedometer, but guessed they were going about fifty-five miles an hour but no faster than they had been traveling all the way from San Francisco. There was no testimony that the speed was the proximate, or any, cause of the injury.

The evidence of "swerving in and out" is misconstrued. The witness testified that the driver passed other cars and that in doing so he swerved in and out of the right-hand path of the highway. This was just what he was required to do under the law and the rules of the road. Though the witness testified that other cars were passed, she did not say whether they were moving fast or slowly. But the plaintiff did testify that immediately prior to the accident there was no "swerving in and out", no other cars passed, and that the highway was straight, level and smooth.

The other element of "gross negligence" should not require comment if it were not that appellant also assigns error in the exclusion of some of the evidence in relation to it. It is appellant's contention that since Liederman had spent three or four nights in San Francisco and had drunk some liquor on the last night, he might have been physically "depleted" on the morning of July 4th and hence his driving of the car that morning might have been gross negligence. This contention cannot be reconciled with appellant's own testimony that she had observed Mr. Liederman's operation of the car for more than five hours immediately preceding the blow-out, that he "was paying attention to his driving at that time", that "he looked normal to me",

that "there was nothing about the passing of cars that was out of the ordinary", and that she did not know of any "swerving" either in or out of the car. The appellant failed to make a case of gross negligence against this defendant, and there was no error in granting the nonsuit as to him.

The appeal from the order granting a nonsuit to the Firestone Company presents the question whether the plaintiff made out a *prima facie* case of negligence against the manufacturer. The complaint alleged and the plaintiff sought to prove that the left rear tire blew out because of defects in its manufacture; that the right rear tire was cut and torn by some exterior force. Both rear tires were removed from the car at the scene of the accident and placed in the fender wells. They were then taken to Los Angeles and several days later were inspected by one of plaintiff's witnesses. The tire found in the right fender well was received in evidence and is claimed to be the one which was removed from the left rear wheel. Respondent contends that there was a failure of identification of the tire in evidence, and a failure of proof that the condition when offered in evidence was caused by the blow-out. The plaintiff does not make a satisfactory answer to this criticism, and since there was no attempt to prove the condition of the tire when it was removed from the wheel, and no mark of identification placed upon it, the jury would have had no factual basis for an inference that the condition when put in evidence was the result of negligent or defective manufacture.

But this case is controlled by the principle that the manufacturer of a chattel is liable for injury if the nature of the thing is such that it is reasonably dangerous when negligently made, but he is not liable when the injury results from an independent negligent or unlawful use of the thing by a third party. The reason underlying the first clause is that the manufacturer is responsible when he may reasonably foresee danger in the proper use for which the chattel is made. The exception to the general rule found in the second clause rests on the doctrine of proximate cause, which is thus explained in 22 Ruling Case Law, page 132: "Whenever a new cause intervenes which is not a consequence of the first wrongful cause, which is not under the control of the wrongdoer, which could not have been foreseen by the exercise of reasonable diligence by the wrong-

doer, and except for which the final injurious consequences would not have happened, the second cause is ordinarily regarded as the proximate cause and the other as the remote cause. As has been aptly said, 'the intervener acts as a nonconductor and insulates the negligence'.''

In the recent case of *Stultz* v. *Benson Lumber Co.*, 6 Cal. (2d) 688 [59 Pac. (2d) 100], the Supreme Court reviewed the cases involving the liability of a manufacturer of chattels and held a complaint insufficient which alleged that one defendant was guilty of negligence in manufacturing the article and the other defendant guilty of negligence in knowingly using the defective article causing the injuries to the plaintiff. The cause was heard on the demurrer to the complaint, and on this point the court said:

''The conceded negligence of the Newbys must be deemed to be an intervening cause which served to break the chain of causation between the alleged negligence of the defendant Benson Lumber Company and the injury suffered by the plaintiff. That the negligence of the person directly supplying the finished article may intervene between one more remote and the plaintiff, and break the chain of causation, is indicated in the language quoted herein from *McPherson* v. *Buick Motor Co., supra* (217 N. Y. 382 [111 N. E. 1050, Ann. Cas. 1916C, 440, L. R. A. 1916F, 696]).'' The court then quoted from *Huset* v. *J. I. Case Threshing Machine Co.*, 120 Fed. 865 [61 L. R. A. 303], as follows: ''So, when a manufacturer sells articles to the wholesale or retail dealers or to those who are to use them, injury to third persons is not generally the natural or probable effect of negligence in their manufacture, because (1) such a result cannot ordinarily be reasonably anticipated, and because (2) an independent cause—the responsible human agency of the purchaser—without which the injury to the third person would not occur, intervenes, and as Wharton says, 'insulates' the negligence of the manufacturer from the injury to the third person.''

Here the plaintiff, in presenting her case against Liederman, argues that if he had been in a fit condition to drive the car and had driven carefully he could have avoided the consequences of the blow-out. In her complaint she alleged that, ''defendant Liederman drove said automobile, as aforesaid, at said time and place in a grossly negligent

manner, and overturned said automobile, causing the plaintiff to suffer great bodily pain''. It cannot be said that the maker of the tire is bound to anticipate the gross carelessness of reckless drivers. This, of course, was not a use which the manufacturer was bound to anticipate and was not ''a purpose for which it is manufactured''. (Restatement of the Law of Torts, sec. 395.) If, as plaintiff still contends, Liederman was guilty of *gross* negligence and could have avoided the injury if he had not been grossly negligent in the operation of the car, the liability of the Firestone Company was terminated before the injuries occurred.

The judgment as to both defendants is affirmed.

Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 13, 1936, and the following opinion then rendered thereon:

THE COURT.—The petition for hearing in this court, after decision by the District Court of Appeal, First Appellate District, Division Two, is denied. However, we withhold our approval of that portion of the opinion declaring that plaintiff failed to make out a cause of action against the manufacturer by reason of the intervening gross carelessness of the driver, not because it is an incorrect statement of the law, but because the driver was exonerated of such charges, hence it cannot operate as an intervening cause to relieve the manufacturer.