[No. B009698. Second Dist., Div. Five. Feb. 20, 1987.]

CHERYL D. PAVERUD, Plaintiff and Respondent, v.
NIAGARA MACHINE & TOOL WORKS, Defendant and Appellant.

**COUNSEL**

Ives, Kirwan & Dibble and Jerry E. McLinn for Defendant and Appellant.

Edward Bernardo and Thomas P. Bucy for Plaintiff and Respondent.

**OPINION**

**ASHBY, J.**—Niagara Machine & Tool Works (Niagara) appeals from a judgment after jury trial in favor of respondent Cheryl Paverud (Paverud). Paverud successfully sued Niagara on the theories of negligence, strict liability and breach of warranties for the loss of four fingers resulting from an industrial accident. Niagara alleges several trial court errors involving Niagara's defense of superseding cause, including the denial of a judgment notwithstanding the verdict and refused jury instructions. Because the jury received no instruction on the critical theory of superseding cause, we reverse the judgment and remand the case for a new trial.

On December 1, 1978, Paverud worked for Anemostat Manufacturing (Anemostat), where she operated a punch press manufactured by Niagara in 1943. The press operated by a foot pedal; depressing the pedal caused the ram to fall. The press was manufactured and delivered without barrier guards, safety devices or warnings. Anemostat designed and installed a barrier guard, but it was frequently broken and commonly not used. Paverud lost four fingers from her right hand while operating the machine without the barrier guard.

One of Niagara's defense theories was superseding cause. Niagara contended that Anemostat's failure to properly assure that the guard was on the punch press at the time of the accident was a superseding cause that terminated Niagara's liability.

### DISCUSSION

 Niagara first contends that the trial court erred in failing to find superseding cause as a matter of law. Niagara argues that, as a matter of law,

where the employee is injured because a defective product was used by the employer and the employer knew about the defect, liability of the manufacturer is terminated. The argument is made in reliance upon three cases: *Stultz* v. *Benson Lumber Co.* (1936) 6 Cal.2d 688 [59 P.2d 100]; *Rae* v. *California Equipment Co.* (1939) 12 Cal.2d 563 [86 P.2d 352]; and *Stewart* v. *Cox* (1961) 55 Cal.2d 857 [13 Cal.Rptr. 521, 362 P.2d 345]. Those cases have limited precedential value here, first because they predate *Greenman* v. *Yuba Power Products, Inc.* (1963) 59 Cal.2d 57 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049], which established a state policy of imposing strict liability on manufacturers of defective products. Furthermore, the cases are factually distinguishable because none involves a suit against a manufacturer. Finally, neither *Rae* nor *Stewart* follow *Stultz,* the case upon which Niagara relies most heavily. *Stultz* found that where a lumber company knowingly sold a defective plank to an employer who knowingly purchased it for use as the main support in a scaffold, the employer's negligence superseded the lumber company's negligence. Therefore, the court held, the liability of the lumber company was terminated. (*Stultz* v. *Benson Lumber Co., supra,* 6 Cal.2d at p. 695.)

*Stultz,* however, did not establish a standard for determining superseding cause. ▮ That came in the later case of *Stewart* v. *Cox, supra,* 55 Cal.2d 857, which set forth the current test: Ordinarily, the intervening act of a third person, even if negligent, is not a superseding cause terminating the defendant's liability if the third party's negligence was foreseeable; if a reasonable person knowing the situation in existence at the time the third party acts would not regard the third party's act as highly extraordinary; or if the act is a normal response to the situation created by the defendant's conduct and the intervening act is not done in an extraordinarily negligent manner. (*Stewart* v. *Cox, supra,* 55 Cal.2d at pp. 863-864; *Fish* v. *Los Angeles Dodgers Baseball Club* (1976) 56 Cal.App.3d 620, 637 [128 Cal.Rptr. 807, 91 A.L.R.3d 1]; BAJI No. 3.79.) The *Stewart* court then characterized *Stultz* as a case in which the actor whose conduct was found to be a superseding cause was fully aware of the danger, which made his negligence "highly extraordinary." (*Stewart* v. *Cox, supra,* 55 Cal.2d at p. 865.) *Stultz, therefore,* has been relegated to a position of the exceptional, not the ordinary case.

▮ Niagara argues that because Anemostat knew of the danger of the press Anemostat's conduct was extraordinary and, as in *Stultz,* a superseding cause of the injury as a matter of law. By this argument Niagara presents the case before us as simpler than it actually is. To find as a matter of law that Anemostat's negligence supersedes the liability of Niagara, we must find that the accident was caused by the absence of the barrier guard designed and installed by Anemostat rather than by the design defects of Niagara. The record does not support this finding. Perhaps the presence of the guard would

have kept Paverud from putting her hand under the press. But there is testimony that even with the guard on it was possible to and employees did in fact put their hands under the press while the machine was in operation. Furthermore, the machine had no signs warning operators to keep their hands out of the point of operation. We do not find superseding cause as a matter of law. Therefore, we return to the standard established in *Stewart* and consider superseding cause as a question of fact.

The three alternatives presented by the *Stewart* court have been incorporated in BAJI No. 3.79. ■ It is clear, then, that the question of whether a superseding cause exists in a given case is a question of fact for the trier of fact. (*Balido* v. *Improved Machinery, Inc.* (1972) 29 Cal.App.3d 633, 645 [105 Cal.Rptr. 890], review den. Mar. 8, 1973.)[1] In the instant case, however, the question of superseding cause never went to the jury.

■ Niagara proffered two superseding cause instructions.[2] Those instructions were properly rejected by the trial court because they do not contain all the elements of a proper superseding cause instruction. No mention is made of foreseeability of Anemostat's negligence in allowing the guard to be removed, of whether a reasonable person would consider Anemostat's conduct highly extraordinary or whether its conduct was a normal response to Niagara's conduct but performed in an extraordinarily negligent manner. Niagara argues that because the special instructions were specifically tailored to the facts of the case the trial court was required to give them, citing *Self* v. *General Motors Corp.* (1974) 42 Cal.App.3d 1, 10 [116 Cal.Rptr. 575]. *Self* also states, however, that instructions must contain correct statements of the law; Niagara's proffered special instructions did not contain correct statements of the law. The applicable law on the defense of superseding cause

---

[1]Niagara's argument that *Balido, supra,* was erroneously decided is unsupportable in light of BAJI No. 3.79. Furthermore, the Supreme Court has twice declined to review cases applying the rule that superseding cause is a question of fact: *Green* v. *City of Los Angeles* (1974) 40 Cal.App.3d 819 [115 Cal.Rptr. 685], and *DeLeon* v. *Commercial Manufacturing & Supply Co.* (1983) 148 Cal.App.3d 336 [195 Cal.Rptr. 867].) *Balido* was criticized on another ground in *Regents of University of California* v. *Hartford Acc. & Indem. Co.* (1978) 21 Cal.3d 624, 641-642 [147 Cal.Rptr. 486, 581 P.2d 197].)

[2]Special Instruction No. 6 provided: "If you find that Niagara manufactured and sold a punch press without safety devices or a barrier guard and a user later installed an adequate barrier guard which was off the punch press at the time of plaintiff's injury, and if there is no evidence that the failure to have the barrier guard on the punch press at the time of the accident was caused by Niagara's failure to install a barrier guard or safety device, then plaintiff's injury is not causally related to the punch press at the time it left the manufacturer's control and the manufacturer, Niagara, is not liable to the plaintiff on the theory of strict tort liability."

Special Instruction No. 5 provided: "If you find that the barrier guard which had been used on the Niagara punch press before the accident in which the plaintiff was injured would have prevented the accident in this case, if it had been on the punch press at the time of the accident, then, in that event, Niagara is not responsible for the injuries or damages of the plaintiff."

is found in *Stewart* v. *Cox, supra,* 55 Cal.2d 857, *Fish* v. *Los Angeles Dodgers Baseball Club, supra,* 56 Cal.App.3d 620, and in BAJI No. 3.79, as stated above. The elements of the defense include either foreseeability of the third party's negligence or of the harm, or the highly extraordinary nature or manner of the third party's acts. (*Stewart* v. *Cox, supra,* 55 Cal.2d 857; BAJI No. 3.79.) Neither of Niagara's special instructions incorporates the applicable law; the trial court did not err in refusing to give them.

As a result of the rejection of Niagara's instruction, however, no superseding cause instruction whatsoever went to the jury. Paverud argues that this failure is chargeable to Niagara because it objected to Paverud's request to give BAJI No. 3.79, the standard superseding cause instruction. Niagara contests Paverud's reading of the record with respect to this issue, and we agree that the record is ambiguous. Niagara argues that, at the very least, the trial court should have modified the two instructions it offered.

■ While there is ordinarily no duty to instruct in the absence of a specific request by a party, an exception to this rule is recognized where, as here, there is a complete failure to instruct on a material issue and a controlling legal principle. (*Agarwal* v. *Johnson* (1979) 25 Cal.3d 932, 951 [160 Cal.Rptr. 141, 603 P.2d 58].) "In the interest of a full and complete understanding of the law applicable to the case it was necessary that the jury be instructed on the major subjects raised by the [evidence] even if a modification in [the instruction] was required to make a more acceptable presentation of the law." (*Herbert* v. *Lankershim* (1937) 9 Cal.2d 409, 482 [71 P.2d 220], and quoted in *Thomas* v. *Buttress & McClellan, Inc.* (1956) 141 Cal.App.2d 812, 819 [297 P.2d 768].) "[I]t was incumbent upon the trial court properly to instruct the jury on the controlling legal principles . . . so that the jury would have a complete understanding of the law applicable to the facts; and the court was not relieved of this responsibility even though faulty or inadequate instructions were submitted by the parties . . . ." (*Lysick* v. *Walcom* (1968) 258 Cal.App.2d 136, 157-158 [65 Cal.Rptr. 406, 28 A.L.R.3d 368].) These cases state the law which controls this appeal. Superseding cause was a basic defense. The trial court's failure to give any superseding cause instruction took the fundamental issue of the case away from the jury. This error is reversible and the case is remanded for retrial.

The language of two prior cases suggests that their holdings conflict with the holding of this case. *Fierro* v. *International Harvester Co.* (1982) 127 Cal.App.3d 862, 869 [179 Cal.Rptr. 923], states that in civil litigation a court has no duty to modify or correct proffered instructions. The rejection of the instruction in *Fierro,* which concerned the defendant's duty to design a crash-worthy vehicle, did not, however, prevent a fundamental issue from being decided by the jury. "There is no question but that the trial court gave

instructions which completely and correctly embraced the principles enunciated in *Barker* v. *Lull Engineering Co.* [citation]," i.e., the basic principles of design defect liability. (*Fierro* v. *International Harvester, supra,* 127 Cal.App.3d at p. 867.)

*Sloan* v. *Stearns* (1955) 137 Cal.App.2d 289, 300 [290 P.2d 382], stated that a court has fully performed its duty in denying incorrect instructions. The instruction in question in *Sloan* involved, in the words of the court, "a nonexistent issue." (*Ibid.*) Because neither *Sloan* nor *Fierro* concerned a failure to give any instruction on an issue properly before the jury, they are not controlling in this case.

The cases relied on by Paverud, e.g., *Wank* v. *Richman & Garrett* (1985) 165 Cal.App.3d 1103 [211 Cal.Rptr. 919], *Roberts* v. *City of Los Angeles* (1980) 109 Cal.App.3d 625 [167 Cal.Rptr. 320], *Hyatt* v. *Sierra Boat Co.* (1978) 79 Cal.App.3d 325 [145 Cal.Rptr. 27], acknowledge the principle we hereby affirm, with acknowledgment to the court in *Thomas* v. *Buttress & McClellan, Inc., supra,* 141 Cal.App.2d 812: A trial judge is more than just a referee and has a duty to make certain that instructions are presented on the material issues clearly shown by the evidence.

■ Niagara has devoted a portion of its argument to the proposition that the trial court should have found superseding cause as a matter of law pursuant to Restatement Second of Torts section 452, subdivision (2). That section states: "Where, because of lapse of time or otherwise, the duty to prevent harm to another threatened by the actor's negligent conduct is found to have shifted from the actor to a third person, the failure of the third person to prevent such harm is a superseding cause." Niagara asks us to consider factors found in comment f following section 452.[3] While we are concerned about the passage of 35 years between the time the press was manufactured and the time of the accident, we cannot say that the duty shifted to Anemostat as a matter of law in light of the other factors which must be considered. The equities of the case are close and policy considerations difficult. For that reason, the failure to have the jury consider the superseding cause issue is a fundamental failure requiring retrial.

Paverud argues for frivolous appeal sanctions against Niagara and seeks a hearing pursuant to *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183

---

[3]Among the factors for determining whether the duty shifted are "the magnitude of the risk of harm, the character and position of the third person who is to take the responsibility, his knowledge of the danger and the likelihood that he will or will not exercise proper care, his relation to the plaintiff or to the defendant, the lapse of time, and perhaps other considerations." (Rest.2d Torts, § 452, com. f.)

Cal.Rptr. 508, 646 P.2d 179]. Obviously this is not a proper case for a *Flaherty* hearing and the request for sanctions is denied.

The judgment is reversed and the case is remanded for retrial. The parties to bear their own costs on appeal.

Feinerman, P. J., and Hastings, J., concurred.

Respondent's petition for review by the Supreme Court was denied May 13, 1987. Eagleson, J., did not participate therein. Mosk, J., was of the opinion that the petition should be granted.