Filed 4/28/20; opinion following rehearing
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JESUS ALANIZ et al., | 2d Civil No. B290013 |
| | (Super. Ct. Nos. 56-2012- |
| Plaintiffs and Respondents, | 00428643-CU-PO-VTA & 56- |
| | 2013-00445026-CU-PO-VTA) |
| v. | (Ventura County) |
| | |
| SUN PACIFIC SHIPPERS, L.P., | OPINION FOLLOWING REHEARING |
| | |
| Defendant and Appellant. | |

   The *Privette/Hooker* doctrine sets forth the circumstances in which the hirer of an independent contractor can be liable for injuries to the contractor's employees. (*Privette v. Superior Court* (1993) 5 Cal.4th 689 (*Privette*); *Hooker v. Department of Transportation* (2002) 27 Cal.4th 198 (*Hooker*).) In a negligence action, the hirer of an independent contractor may be liable to the contractor's employee only if "the hirer retained control over safety conditions at [the] worksite" and "exercise of retained control *affirmatively contributed* to the employee's injuries." (*Hooker*, at p. 202, original italics.) In a premises liability action, the hirer may be liable for injuries to the employee only if: "(1) it knows or reasonably should know of

a *concealed*, preexisting hazardous condition on its premises; (2) the contractor does not know and could not reasonably ascertain the condition; and (3) the [hirer] fails to warn the contractor." (*Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659, 675 (*Kinsman*), italics added.)  We conclude that the trial court here prejudicially erred when it omitted these elements from its instructions on negligence and premises liability.

Sun Pacific Shippers, L.P. (Sun Pacific), appeals from the judgment after a jury awarded damages against it for injuries sustained by Jesus Alaniz, an employee of one of its independent contractors.  Sun Pacific contends:  (1) the trial court erred when it did not instruct the jury on the *Privette/Hooker* doctrine, (2) the court erred when it did not instruct on mitigation of damages, (3) the court improperly denied its motion for judgment notwithstanding the verdict (JNOV), and (4) substantial evidence does not support the award of future medical expenses.  We reverse the judgment, remand for a new trial on the negligence cause of action, and direct judgment for Sun Pacific on the premises liability cause of action.

## FACTUAL AND PROCEDURAL HISTORY
### *The accident*

Sun Pacific grows mandarins at its orchard outside Fillmore.  It hires independent contractors to deliver empty bins to the orchard, pick the fruit, and deliver full bins to the packing house.  Each contractor provides its own pickers, truck drivers, and forklift operators.

In February 2012, Alaniz, a truck driver employed by Navarro Trucking, delivered a truckload of empty bins to Sun Pacific's orchard.  A forklift driven by Roberto Reynosa—who was employed by another independent contractor, J. Antonio Rosa

2

Lule—unloaded bins from the north side of the trailer.  Alaniz climbed onto the trailer and, as space became available on the north, pulled bins over so Reynosa could unload them.  No one from Sun Pacific directed Alaniz to do this.

While pulling a stack of bins, Alaniz fell off the truck and onto the ground.  Reynosa drove forward, crushing Alaniz's leg under the forklift.  He offered to take Alaniz to the doctor.  Alaniz declined Reynosa's offer and chose to finish working his shift instead.  He went to a clinic four hours later, and subsequently underwent surgery on his leg and shoulder.

### *Trial*

Alaniz and his wife sued Sun Pacific, Lule, and Reynosa for negligence, and Sun Pacific for premises liability.  At trial, Alaniz testified that a Sun Pacific supervisor, Filipe Merino, told him to park at a specific location on the south side of the road; cars parked on the road made it too narrow for a forklift to access the trailer from the south.  Alaniz also said that Reynosa told him to climb onto the trailer and pull the bins to its north side so Reynosa could unload them.  Reynosa claimed that "everybody [did] this so it was okay to go up there and do it." Alaniz asked if they could instead move the cars parked on the north side of the road so he could park there, but Reynosa said that would take too long.  Alaniz got onto the truck and pulled the bins to the north side of the trailer as directed by Reynosa.

Reynosa testified that Merino called him when Alaniz arrived at the orchard and told him to tell Alaniz where to park so he could unload the bins.  Reynosa conveyed this instruction, and Alaniz complied by backing up a short distance.  Reynosa said that cars did not block Alaniz from moving the truck so the

3

forklift could reach the bins on the south. He denied telling Alaniz to get on the trailer to move the bins.

Merino denied telling Alaniz where to park, denied telling Reynosa to unload Alaniz's truck, and denied talking to either Alaniz or Reynosa before the accident. He testified that cars were not blocking Alaniz's truck.

A defense expert, Dr. Richard Rosenberg, testified that Alaniz's injuries would have been less serious if he had gone to the hospital sooner. It "would [have been] so advantageous" if he could have seen a doctor within an hour. It is about a 25-minute drive from Fillmore to Ventura County Medical Center. Alaniz's expert, Dr. Robert Klapper, testified that the seriousness of Alaniz's leg injuries did not depend on how quickly he got to the hospital.

Life-care planner Carol Hyland testified about future medical care costs, including an orthopedist, a physical therapist, gym membership, functional restoration program, and attendant care or chore services. She said that she included those services in her cost calculation on the recommendation of Dr. Klapper. Dr. Klapper testified that he only had expertise in orthopedics, however, and was responsible for only certain aspects of Hyland's report.

### *Jury instructions*

The trial court instructed the jury on general principles of negligence, but refused Lule and Reynosa's request for a modified version of CACI No. 1009B, the instruction that sets forth the required elements for liability pursuant to *Privette* and *Hooker*. Although Sun Pacific relied on the *Privette*/*Hooker*

4

doctrine throughout trial, the record does not establish that it joined Lule and Reynosa's request.[1]

The trial court also instructed the jury on general principles of premises liability. It did not instruct on a landowner's responsibility to employees of an independent contractor pursuant to the *Privette/Hooker* doctrine. Sun Pacific relied on the doctrine throughout trial, but did not request an instruction on it.

Lule and Reynosa requested a jury instruction on mitigation of damages based on Alaniz's delay in seeking medical treatment. The trial court refused the instruction, reasoning that it would be based on speculation because there was no evidence of how long an ambulance would have taken to reach the work site.

### *Verdict*

The jury found for Alaniz and his wife, and assigned 40 percent responsibility to Sun Pacific, 35 percent to Lule and Reynosa, 15 percent to Navarro Trucking, and 10 percent to Alaniz. After reducing the award for workers' compensation

---

[1] In its motion for new trial, Sun Pacific stated that it also had requested a *Privette/Hooker* instruction, but the trial court refused it. In that hearing, counsel for Lule and Reynosa mentioned the instruction "requested by Sun Pacific," but neither the Alanizes nor the court stated whether Sun Pacific had requested it. Because the record does not include either a written or oral request by Sun Pacific for a *Privette/Hooker* instruction, we conclude that no request was made. (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1535-1536.) The court's denial of Lule and Reynosa's request for the instruction did not make a request by Sun Pacific futile because as contractors, the instruction would not have the same application to them. (See *People v. Wilson* (2008) 44 Cal.4th 758, 793.)

benefits, the trial court awarded Alaniz $2,563,190 for past and future economic and noneconomic losses. It awarded his wife $131,250 for loss of consortium.

### Motions for new trial and JNOV

Sun Pacific moved for a new trial and for JNOV on the basis that substantial evidence did not support either negligence or premises liability. The new trial motion also challenged the court's failure to give a mitigation of damages instruction and its admission of evidence regarding future medical expenses. The trial court denied both motions.

### DISCUSSION

### Privette/Hooker *jury instructions*

Sun Pacific contends the trial court prejudicially erred because it did not instruct the jury on the *Privette/Hooker* doctrine as it applies to either negligence or premises liability. We agree.

Our Supreme Court's decision in *Kinsman* is controlling. There, an employee of an independent contractor that built and dismantled scaffolding used by other trades was exposed to airborne asbestos produced by those trades. (*Kinsman*, *supra*, 37 Cal.4th at p. 665.) The trial court instructed the jury on the hirer's liability for failure to exercise ordinary care in the maintenance of the property to avoid exposing persons to an unreasonable risk of harm. (*Id.* at p. 681.) But "the usual rules about [premises] liability must be modified, after *Privette*, as they apply to a hirer's duty to the employees of independent contractors." (*Id.* at p. 674.) The trial court's instruction, "while an accurate statement of premises liability generally, [was] partly erroneous when applied" to the hirer's liability to Kinsman because it did "not make clear that the hazard must have been

6

unknown and not reasonably ascertainable to the independent contractor that employed Kinsman and to other contractors working contemporaneously on the premises." (*Id*. at p. 682.) Because "the jury instruction was in error" and a properly instructed jury could have concluded that the contractors knew about the hazard, the error was prejudicial and the judgment was reversed. (*Id*. at pp. 682-683.)

Similarly here, the trial court instructed the jury that Sun Pacific was liable if its failure to use reasonable care was a substantial factor in harming Alaniz (see CACI Nos. 400, 401 & 4310). These instructions were erroneous because they did not say that these principles only applied to the hirer of an independent contractor if its negligent exercise of retained control over safety conditions affirmatively contributed to the harm. (*Hooker*, *supra*, 27 Cal.4th at p. 202.) The court also told the jury that Sun Pacific was liable if its negligent use or maintenance of the property was a substantial factor in harming Alaniz (see CACI Nos. 1000, 1001, 1003 & 1011). These instructions were erroneous because they did not say that these principles would only apply to Sun Pacific if the hazard was concealed. (*Kinsman*, *supra*, 37 Cal.4th at p. 675.)

### *Forfeiture*

The Alanizes assert Sun Pacific forfeited its challenge to the negligence instructions because it did not request *Privette/Hooker* instructions at trial. We disagree with the Alanizes because without the instructions the court incorrectly explained the applicable law. (*Suman v. BMW of North America, Inc.* (1994) 23 Cal.App.4th 1, 9 (*Suman*).) While "there ordinarily is no duty to instruct in the absence of a specific request by a party[,] the exception is a complete failure to instruct on material

7

issues and controlling legal principles which may amount to reversible error." (*Agarwal v. Johnson* (1979) 25 Cal.3d 932, 951, overruled on other grounds in *White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 574, fn. 4.)

Reversal may be required where, as here, the jury instructions omit a required element, even without an objection or request for a correct instruction. (*Brown v. Smith* (1997) 55 Cal.App.4th 767, 783, fn. 11; Code Civ. Proc., § 647.) In *Brown*, jury instructions defining sexual harassment were erroneous because they did not include the requirement that the conduct be severe or pervasive. (*Brown*, at p. 785.) Similarly, in *Mock v. Michigan Millers Mutual Ins. Co.* (1992) 4 Cal.App.4th 306, 333-334, the punitive damages award was reversed based on an instruction defining "malice" that misstated the law by omitting the statutory requirement of "despicable conduct." (Accord, *Green v. State of California* (2007) 42 Cal.4th 254, 267 [instructions on disability discrimination omitted the required element of plaintiff's ability to perform the job]; *Bowman v. Wyatt* (2010) 186 Cal.App.4th 286, 298, fn. 7 [instruction erroneous because it did not list all factors distinguishing employee from independent contractor; no forfeiture because ""'the instruction [was] prejudicially erroneous as given, that is[] . . . an incorrect statement of the law'""'].) Here, the instructions on negligence were erroneous because they did not list the required elements of retained control over safety conditions, or that the defendant affirmatively contributed to the injury.

In addition, the failure to request correct instructions does not forfeit a challenge to jury instructions that erroneously contain legal standards inapplicable to the facts. For example, in *Suman*, the court instructed that penalties for a consumer fraud

violation regarding "consumer goods" required a willful violation; the instruction was erroneous because the case involved a new motor vehicle for which the violation need not be willful. (*Suman*, *supra*, 23 Cal.App.4th at p. 11.)  In *Manguso v. Oceanside Unified School Dist.* (1984) 153 Cal.App.3d 574, 581, the plaintiff in a defamation case against a school district did not forfeit a challenge to an instruction that gave a statutory definition of "actual malice" applicable only to news organizations.  Similarly, in *National Medical Transportation Network v. Deloitte & Touche* (1998) 62 Cal.App.4th 412, 428-429, the jury was instructed that auditors were required to continue employment if withdrawal would jeopardize the interests of the client; the instruction was erroneous because the law allowed withdrawal if consistent with professional standards, even if it prejudiced the client.  Here, the negligence instructions were incorrect because the correct legal standards were defined by *Privette*/*Hooker* rather than by general principles of negligence.

On rehearing, the Alanizes assert that Sun Pacific forfeited its challenge because *Privette*/*Hooker* is an affirmative defense it was required to assert.  (Compare *Doney v. Tambouratgis* (1979) 23 Cal.3d 91, 96-97 [coverage by Workers' Compensation Act an affirmative defense to action for damages]; *Ray v. Silverado Constructors* (2002) 98 Cal.App.4th 1120, 1130 [*Privette*/*Hooker* principles not "a complete defense"] with *Hooker*, *supra*, 27 Cal.4th at p. 214 [employee must show hirer affirmatively contributed to injuries]; *Regalado v. Callaghan* (2016) 3 Cal.App.5th 582, 595 [approving CACI No. 1009B, which places burden of proving elements of retained control and affirmative conduct on plaintiff] and *Madden v. Summit View, Inc.* (2008) 165 Cal.App.4th 1267, 1276 [employee had burden on

9

summary judgment to show hirer retained control over safety conditions and affirmative conduct contributed to injury].)  But even without a request by the parties, the court must instruct on "the applicable law regarding the major subjects raised by the evidence, including affirmative defenses." (*Chakalis v. Elevator Solutions, Inc*. (2012) 205 Cal.App.4th 1557, 1573.)  In *Chakalis*, the jury found comparative fault by a nonparty treating physician for injuries incurred in an elevator accident.  The judgment was reversed where no instructions were requested or given on the principles of medical malpractice.  Similarly, in *Paverud v. Niagara Machine & Tool Works* (1987) 189 Cal.App.3d 858, 863, overruled on other grounds in *Soule v. General Motors Corp*. (1994) 8 Cal.4th 548, 574, 580, failure to instruct on the superseding cause defense to negligence was a "complete failure to instruct on a material issue" and reversible error.

### *Prejudice*

The trial court's error was prejudicial.  Error in instructing a jury is reversible only if "there is a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached." (*Soule v. General Motors Corp*. (1994) 8 Cal.4th 548, 574, 580 (*Soule*).)  "Thus, when the jury receives an improper instruction in a civil case, prejudice will generally be found only "'[w]here it seems probable that the jury's verdict may have been based on the erroneous instruction . . . .'" [Citation.]" (*Id*. at p. 574.) "'[R]easonable probability'" means "merely a reasonable chance, more than an abstract possibility," a "'probability sufficient to undermine confidence in the outcome.'" (*College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 715, italics omitted.)

10

To determine whether that probability exists here, we evaluate the entire record, including (1) the state of the evidence, (2) the effect of other instructions, (3) the effect of counsel's arguments, and (4) any indications by the jury itself that it was misled.  (*Soule*, *supra*, 8 Cal.4th at pp. 580-581.)  We assume the jury might have accepted Sun Pacific's evidence, and, if properly instructed, might have decided in its favor.  (*Mayes v. Bryan* (2006) 139 Cal.App.4th 1075, 1087.)

Here, a properly instructed jury might have decided in Sun Pacific's favor on the negligence cause of action based on the first three *Soule* factors.  First, the jury could have found that Sun Pacific's general control over aspects of the harvesting operation, including designating the area to unload bins, did not establish that it retained control over safety conditions for its contractors. (See, e.g., *McDonald v. Shell Oil Co.* (1955) 44 Cal.2d 785, 788-790 [broad power of control over results of the work did not constitute control over means of accomplishing the job].)  It is also reasonably probable that the jury would have found that Sun Pacific merely permitted—rather than directed—the manner of unloading the bins.  (*Hooker*, *supra*, 27 Cal.4th at pp. 214-215; see also *McDonald*, at p. 790 [owner's "suggestions or recommendations as to details of the work" to contractor's employees do not impose liability on owner].)

Second, the jury instructions that were given support a finding of prejudice.  CACI No. 1000 told jurors that "Sun Pacific owned or controlled the property," but did not mention that it had to retain control over safety conditions for liability to attach. (Cf. *Khosh v. Staples Construction Co., Inc.* (2016) 4 Cal.App.5th 712, 718 [to be liable pursuant to retained control theory, hirer must "direct[] the contractor about the manner or

11

performance of the work, direct[] that the work be done by a particular mode, or actively participat[e] in how the job is done"].) CACI No. 1001 told the jury that it could consider "[t]he extent of Sun Pacific's control over the condition that created the risk of harm," but did not include the *Privette*/*Hooker* requirement that Sun Pacific negligently exercise its retained control in a manner that *affirmatively contributed* to the harm. (Cf. *Hooker*, *supra*, 27 Cal.4th at p. 202.) Moreover, these instructions were given as limitations on premises liability, not as limitations on negligence. They were thus an insufficient substitute for a *Privette*/*Hooker* instruction. (E.g., *Vine v. Bear Valley Ski Co.* (2004) 118 Cal.App.4th 577, 594-595, 601 (*Vine*) [contributory negligence instruction did not cure failure to instruct on assumption of risk].)

Finally, counsel for Alaniz argued general principles of negligence, without mentioning the *Privette*/*Hooker* requirements. He also argued that Sun Pacific was negligent for failing to widen the area by removing trees. These arguments aggravated the prejudicial effect of the erroneous jury instructions. (*Vine*, *supra*, 118 Cal.App.4th at pp. 601-603 [failure to give assumption of risk instruction allowed counsel to give legally erroneous argument]; *Whiteley v. Philip Morris, Inc.* (2004) 117 Cal.App.4th 635, 660 [counsel's arguments highlighted prejudicial effect of instructional error].)

Because there is a reasonable probability the jury based its negligence verdict on the erroneous instructions, the case must be remanded for a new trial on negligence so that a

jury may evaluate whether Sun Pacific is liable pursuant to the applicable legal standards.[2]

### *Mitigation of damages instruction*

Sun Pacific contends the trial court improperly refused a jury instruction on mitigation of damages based on Alaniz's delay in seeking medical care.  The Alanizes claim Sun Pacific forfeited its contention because it did not request the instruction at trial.  But the court refused Lule and Reynosa's request for the instruction (CACI No. 3930, as modified).  Because Sun Pacific was similarly situated, a request would have been futile.  (*People v. Chism* (2014) 58 Cal.4th 1266, 1291; *M.T. v. Superior Court* (2009) 178 Cal.App.4th 1170, 1177.)

The trial court's refusal of the instruction was error.  A party is entitled to an instruction on every theory that could be established by the evidence most favorable to that theory.  (*Scott v. Rayhrer* (2010) 185 Cal.App.4th 1535, 1540.)  Relevant here is the theory that plaintiffs cannot be compensated for damages that they could have avoided by reasonable effort or expenditure.  (*State Dept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, 1042-1043.)  Injured persons must use reasonable diligence in caring for their injuries.  (*Christiansen v. Hollings* (1941) 44 Cal.App.2d 332, 346.)  Depending on the circumstances,

---

[2] We would reach the same conclusion regarding the trial court's failure to give a *Privette/Hooker* instruction on the premises liability cause of action, but, as discussed below, the absence of evidence of a concealed hazardous condition compels us to conclude that JNOV should have been granted as to this cause of action.  We thus need not evaluate the prejudicial effect of that instruction's absence.

it may be reasonable for the person to seek immediate medical care. (*Ibid.*)

Here, Dr. Rosenberg testified that it would have been "so advantageous" if Alaniz could have seen a doctor within an hour, and that it is about a 25-minute drive from Fillmore to the hospital. Reynosa offered to drive Alaniz to the hospital. If the jury credited this testimony, it could have determined that Alaniz's delay in seeking medical attention increased his injuries. Sun Pacific was thus entitled to an instruction on mitigation of damages. (*Bernal v. Richard Wolf Medical Instruments Corp.* (1990) 221 Cal.App.3d 1326, 1337-1338, overruled on another point by *Soule v. General Motors Corp.*, *supra*, 8 Cal.4th at pp. 574, 580.)

### *JNOV*

Sun Pacific contends the trial court erred when it denied its motion for JNOV. We agree in part.

JNOV must be granted if the verdict is not supported by substantial evidence. (*Sweatman v. Department of Veterans Affairs* (2001) 25 Cal.4th 62, 68.) Unlike an analysis of instructional error, when reviewing the grant or denial of a motion for JNOV we view the evidence in the light most favorable to the party securing the verdict. (*Simmons v. Ware* (2013) 213 Cal.App.4th 1035, 1048.) Here, then, we credit the testimony that Merino directed Alaniz to park at a location too narrow for the forklift to access the bins on the south side of the trailer.

As to the negligence cause of action, there was evidence that Sun Pacific exercised control over where vehicles parked to load and unload bins, and that it exercised that control in a way that affirmatively contributed to Alaniz's injuries. Based on this evidence, a properly instructed jury could have

14

found Sun Pacific liable for negligence. (*Kinsman, supra*, 37 Cal.4th at p. 683.) Accordingly, we must remand so a properly instructed jury may evaluate the evidence. (*McCoy v. Hearst Corp.* (1991) 227 Cal.App.3d 1657, 1659-1661.)

As to the premises liability cause of action, there was evidence that the road where the bins were unloaded was too narrow and constituted an unsafe condition. But this condition was openly visible and known to Alaniz. As such, JNOV should have been granted on the premises liability cause of action. (*Kinsman, supra*, 37 Cal.4th at p. 675.) We thus direct the trial court to enter judgment in favor of Sun Pacific on this cause of action. (Code Civ. Proc., § 629, subd. (c); *Singh v. Southland Stone, U.S.A., Inc.* (2010) 186 Cal.App.4th 338, 367.)

### *Future medical costs*

Finally, Sun Pacific contends it is entitled to a new trial regarding damages because Hyland's and Dr. Klapper's testimony did not constitute substantial evidence to support the award of future medical costs. Our reversal of the judgment as to liability renders resolution of this issue unnecessary.

### DISPOSITION

The judgment is reversed and the case is remanded for a new trial on the negligence cause of action. The trial court is directed to enter judgment in favor of Sun Pacific on the premises liability cause of action. Sun Pacific shall recover its costs on appeal.

CERTIFIED FOR PUBLICATION.

TANGEMAN, J.

We concur:

GILBERT, P. J.                    YEGAN, J.

15

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

      Horvitz & Levy, Christopher D. Hu, Curt Cutting and Stanley H. Chen, for Defendant and Appellant.

      Greene, Broillet & Wheeler, Scott H. Carr, Tobin M. Lanzetta; Silverberg Law Corporation, James W. Haines, Ivetta Avanesov; Esner, Chang & Boyer and Andrew N. Chang, for Plaintiffs and Respondents.